### JOHN W. HACKNEY v. P. E. SCHOW & BROS.

#### Decided October 28, 1889.

**1. Chattel Mortgage—Registry—Filing Forthwith.**

Where a chattel mortgage was executed at noon on December 14th, at a town ten miles from the county seat and connected with it by railroad, and was not received and filed by the county clerk until the morning of December 17th, it was not filed "forthwith" as required by the chattel mortgage act, and an attachment levied on the property on December 16th, took preference. Rev. Stats., art. 3328.

**2. Jurisdiction—Justice Court—Presumption.**

Where a note sued on in the Justice Court was for $190, with 10 per cent attorney fees, and showing no credits indorsed thereon, but plaintiff claimed in his written prayer for damages only $200 with interest, it will be presumed, where the judgment is collaterally attacked, that at the trial a credit was shown and allowed, especially as, on an appeal to the County Court, that court found, as a matter of fact, that the Justice Court had jurisdiction.

APPEAL from the County Court of Bosque. Tried below before Hon. H. C. COOKE.

*Wm. M. Knight,* for appellant.

*Lockett & Kimball,* for appellees.

CONNER, CHIEF JUSTICE.—This suit originated in the Justice Court of Precinct No. 8 of Bosque County. The material facts are as follows:

On the 14th day of December, 1897, appellees sold to one L. H. Stewart, a resident of said Bosque County, a certain new end-spring buggy, receiving therefor a certain cash consideration and the promissory note of said Stewart for a balance of $35 due the following October, and to secure which he also gave a chattel mortgage on said buggy. This note and mortgage, both of which are in due form, were so executed and delivered to appellees about 12 m. of said 14th of December, 1897.

At this time appellees were doing business as merchants at the town of Clifton, situated about ten miles south of Meridian, the county seat of Bosque County. There was then daily train and mail service between the two towns, both being situated on the Gulf, Colorado & Santa Fe Railway. On the 14th to the 17th day of December, 1897, inclusive, a daily passenger and mail train passed from said Clifton to Meridian, leaving Clifton about 5 p. m. and arriving at Meridian about 6 p. m. of each of said days.

The mortgage in question was sent to Meridian for filing, etc., and was received by the county clerk of Bosque County and by him duly filed and registered at 9 a. m. of the 17th day of December, 1897. In the meantime, however, to wit, on December 15, 1897, said Stewart went in his buggy on a visit to McGregor, McLennan County, when and where said L. H. Stewart and another were sued by one R. M. Washington, acting by appellant as agent, upon a promissory note and mortgage executed by them, and in which an attachment was also sued out and levied upon the buggy in question. Said suit was instituted in the Justice Court, and such levy of writ of attachment so made on December 16, 1897. Thereafter judgment was rendered in said Justice Court of McLennan County, with foreclosure of said attachment lien, order of sale issued thereon, and said buggy was sold and purchased by appellant on January 24, 1898. All these proceedings appear to be regular, as shown by the record.

On the same day, to wit, January 24, 1898, this suit was instituted in the Justice Court of Precinct No. 8 of Bosque County on the note and mortgage so made by Stewart, and appellant made a party. Appellees therein regularly sued out a writ of sequestration, which was by a constable of McLennan County duly levied upon said buggy, then in possession of appellant by virtue of his purchase aforesaid, and appellant duly replevied same.

On November 25, 1898, appellees recovered judgment in said Justice Court of Bosque County against said Stewart for the amount of said mortgage debt, with foreclosure of mortgage, and also against appellant

and the sureties on his said replevy bond for the amount of the judgment. On April 3, 1899, a like judgment was rendered in the County Court of Bosque County on appeal by appellant, and the case is now before us for revision on appellant's appeal from said County Court judgment.

The principal question raised by the assignments of error is as to the legal sufficiency of the evidence to support the finding of the County Court to the effect that appellees' mortgage was "forthwith" filed with the clerk of the County Court of Bosque County, within the meaning of our chattel mortgage act. Rev. Stats., art. 3328.

We have carefully examined all the authorities cited by appellees accessible to us, and are of opinion that the trial court was in error in so holding. The term "forthwith" is an "imperative term, and certainly admits of no unnecessary delay." Mr. Webster defines the term as meaning "immediately; without delay; directly." Bouvier: "As soon as the thing required may be done by reasonable exertion confined to that object." Mr. Rapalje and Mr. Black also give this definition substantially. Indeed, the term has often been construed. See 8 Am. and Eng. Enc. of Law, p. 571, and notes, the term there being defined in the text as meaning "immediately; within reasonable time; with all reasonable celerity." Indeed, as was said by our Supreme Court in the opinion by Chief Justice Gaines in the case of Baker v. Smelser, 88 Texas, 26, the term "has been too often construed to require any discussion." It will be sufficient to say that in the case cited the term as used in our chattel mortgage statute was defined to mean "with all reasonable diligence and dispatch."

Did appellees use such "diligence and dispatch" in this case? We think not. If the purposes of the statute in question are to be met and creditors, subsequent lienholders and purchasers protected as designed thereby, it is necessary that the courts shall require substantial compliance with the statute. It is not contended that the plaintiff in the suit in McLennan County was not a "creditor," as the term is used in the statute. No sufficient excuse is shown why appellee delayed the registration of his mortgage from noon on December 14, 1897, to the morning of December 17, 1897. No reason appears in the record why such mortgage was not forwarded by the evening mail on December 14th, or at the farthest on December 15, 1897.

The facts were peculiarly within the knowledge of appellees and their agents. The evidence on this point, and there is no contradiction therein, is as follows: P. E. Schow, one of the appellees, testified: "Personally I did not handle the mortgage, and can not state when it was sent from our store to the clerk's office. It was treated as other chattel mortgages taken by us." Mr. Jenson testified: "I am bookkeeper for plaintiffs and have been for several years. I know defendant Stewart. I prepared the note and mortgage read in evidence. After the mortgage had been executed it was in my custody until sent to the county clerk to be filed. I treated it as we treat other chattel mort-

gages,—made a copy and sent the original to the county clerk; but can not state on what particular day the mortgage was mailed to the clerk, but it was sent in due course of business."

The trial was before the court without a jury, and we have quoted every word of evidence in the record on the point under consideration. The conclusion of the witness that "it (the mortgage) was sent in due course of business" is insufficient, nor can rules of law be so adapted or construed as to conform to the "course of business" of a particular person or firm, or to the manner in which they treated "other chattel mortgages." The facts should be stated, and from them the court should be able to say that the mortgage was filed "with all reasonable diligence and dispatch."

Other errors, if any, that inure to the benefit of appellant need not be discussed, as what we have said renders them immaterial. In a counter-proposition, however, appellee insists that the judgment under which appellant claims is void for want of jurisdiction in the Justice Court of McLennan County, evidence in support of which was, without plea and over appellant's objection, introduced in the county court. If this contention be supported by the record, it is evident that the judgment should be affirmed regardless of the errors of the County Court.

It is unnecessary to cite authorities to the effect that if said justice court asumed to adjudicate upon an amount beyond that given by the written law, such judgment is void and may be attacked at any time, by any person, and in any form, and that consent can not validate such judgment. But it is also well established that every presumption in favor of the judgment is to be indulged where the court has assumed to act.

The evidence offered in the case before us was a written pleading of the plaintiff which declared upon a note given by Stewart and another for $190 and 10 per cent attorney's fees, the note and mortgage which so evidenced the amount claimed, the citation which described said note and mortgage as the demand sued upon, and the judgment actually rendered. No credits appear indorsed on the note or mortgage, and in the absence of any other evidence they might be construed as evidencing a demand beyond the jurisdiction of the justice court to try.

But it is to be remembered that the citation is not a pleading; that pleadings in the justice court *may* be oral. There is no rule of law which declares that they may not be partly oral and partly written. Plaintiff in the judgment under consideration in his written pleading claimed in his prayer for damages but $200, exclusive of interest, an amount within the court's jurisdiction, and in aid of the court's jurisdiction we may presume that a credit in fact existed, though not indorsed as such on the note, or that plaintiff had a formal waiver or credit indorsed on the justice's docket. The transcript of the justice's docket was not introduced, and in view of the fact that that court assumed to act—assumed jurisdiction—and that the County Court of Bosque County, after issue made, found as matter of fact that said Jus-

tice Court was not without jurisdiction, we hold that it has not been made to appear to us affirmatively that said judgment is a nullity.

It results from the views expressed that in our opinion appellant established title to the buggy in question, and that the same was not defeated by appellees' mortgage, it not having been "forthwith" filed, etc., within the meaning of our chattel mortgage act. It is accordingly ordered that the judgment below be reversed and here rendered for appellant, and that he recover all the costs of suit below and in this court.

*Reversed and rendered.*