## HOME LIFE & ACCIDENT CO. v. COBB.
### (No. 565.)

(Court of Civil Appeals of Texas. Beaumont. March 11, 1920. Rehearing Denied March 24, 1920.)

1. **Master and servant �kö=398—Medical bill held not insufficient for want of notice to insurer provided for by Compensation Law.**

Under Workmen's Compensation Law 1917, pt. 1, § 7 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—9), declaring that if the association fails to furnish medical aid after notice of injury to the association or subscriber the injured employé may provide medical aid at the cost and expense of the association, and insurer is liable for medical aid rendered by a physician procured by the injured employé either where the physician was procured by the direction of the employer or where the employer had notified the insurer and it had failed to furnish medical aid.

2. **Master and servant ⊨393½—Compensation act makes insurer liable for medical aid.**

Under Workmen's Compensation Law 1917, pt. 1, § 7 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—9), a physician, furnishing medical aid to injured employé, may recover direct from the insurer.

3. **Master and servant ⊨393½—Medical bill rendered held recoverable under Compensation Law.**

Although Workmen's Compensation Law of 1917 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) allows a physician to recover for only two weeks' services, yet where the services rendered an injured employé were surgical in their nature, and treatment given after the expiration of two-week period was only incidental, the actual services having been fully rendered, the physician may recover, although the services covered a period in excess of two weeks.

4. **Master and servant ⊨393½—Under Compensation Law first-aid treatment allowed at expense of insurer.**

Under the Workmen's Compensation Law of 1917 (Vernon's Ann. Civ. St. Supp. arts. 5246—1 to 5246—91), an injured employé may, at the time of the injury or immediately thereafter, call in any available physician to render first-aid treatment as may be reasonably necessary at the expense of the association.

5. **Master and servant ⊨417(8) — Judgment against insurer for physician's fee under Compensation Law held not prejudicial.**

Where the court rendering judgment in favor of physician who treated an injured employé considered the reasonable value of the services of a necessary assistant, but did not make any separate award in favor of the assistant, the insurer cannot complain.

6. **Appeal and error ⊨1091(2)—Where written answer in justice court was insufficient, presumed that necessary issues were raised orally.**

Where a written pleading in a case originating in justice court, involving liability to a physician for fees, does not comply with the provisions of Rev. Civ. St. art. 5736, for registration of physicians, it will be presumed on review of the county court's judgment affirming the judgment of the justice that the necessary issues were raised by oral pleadings; the record not showing to the contrary.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by the Home Life & Accident Company against Dr. C. A. Cobb, to set aside an award under the Workmen's Compensation Act of 1917, affirmed by the county court on appeal from justice court. From a judgment for defendant, plaintiff appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for appellant.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellee.

WALKER, J. As said by appellant, in giving a statement of the nature and result of the suit:

"This is a suit under the Workmen's Compensation Law of 1917 to set aside an award of the Industrial Accident Board. It is not a case where a claim was made by an injured employé under that act, but it is a case where a claim was made by a doctor to recover on an alleged agreement, either implied or specific, to pay for services rendered an employé. The board found that Dr. Cobb was entitled to $150; an appeal was duly had from this to the justice court of precinct No. 1 of Jefferson county, Tex. Judgment here was in favor of the doctor, and the case was appealed to the county court at law of that county with a like result.

"The case was tried in the county court at law before the court without a jury on, to wit, July 15, 1919, and judgment was entered for defendant against the plaintiff for $150, and affirming the award of the Industrial Accident Board. On request of the plaintiff, findings of fact and conclusions of law were filed by the trial court. * * *

"Home Life & Accident Company on June 6, 1917, carried a policy of insurance under the Workmen's Compensation Law on an employer named John Jacobson. Mr. Jacobson was a subscriber as defined in that law. On that date one Jim Coleman was injured while working for Mr. Jacobson."

[1] Appellant has briefed four assignments of error, the first being as follows:

"The trial court erred, to the prejudice of this plaintiff, in rendering judgment against plaintiff in favor of defendant, for that it is not shown that a physician was ever demanded by Jim Coleman of the plaintiff or of John Jacobson, his employer, or that either the insurance carrier or the employer ever had an opportunity to furnish a physician, but only that an undertaker called Dr. C. A. Cobb, and that Dr. Cobb performed the necessary services for a period of eight weeks."

---

⊨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The first proposition under this assignment is:

"Under the Workmen's Compensation Law there is no liability on the part of the insurance carrier for medical services rendered an injured employé, unless the insurer is given reasonable notice of the injury before such medical aid is furnished, and since no such notice was given in this case, there is no liability on the part of appellant for Dr. Cobb's bill."

Prior to the enactment of 1917, under American Indemnity Co. v. Nelson, 201 S. W. 686, this proposition states a correct principle of law, but in 1917 the old law was amended. Workmen's Compensation Law of 1917, pt. 1, § 7, p. 272, c. 103 (General Laws of Texas of 1917 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—9]), now reads:

"If the association fails to so furnish same [medical aid, etc.] as and when needed during the time specified, after notice of the injury to the association or subscriber, the injured employé may provide said medical aid, hospital services and medicines at the cost and expense of the association. The employé shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied the same be entitled to recover of the association therefor, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time."

The court found:

"I find that on June 6, 1917, the defendant, C. A. Cobb, was called to administer surgical and medical treatment to said Jim Coleman; that the defendant was called to treat said Jim Coleman by the authority of the said John Jacobson. If I am mistaken in finding that the defendant was called by the authority of John Jacobson, I find that John Jacobson knew immediately after the injury that defendant, C. A. Cobb, had been called to administer medical and surgical treatment to the said Jim Coleman."

The court also made the following finding:

"I find that John Jacobson notified the plaintiff of the injuries sustained by Jim Coleman shortly after the accident, and also notified the plaintiff at the same time that Dr. C. A. Cobb was treating the injuries of the said Jim Coleman, and that neither the plaintiff nor the said John Jacobson furnished any other doctor to treat the said Jim Coleman, and neither of them made any objections by reason of the fact that defendant was treating him."

These findings have not been assailed by appellant. Under the Workmen's Compensation Law, amended in 1917 and on the facts as found by the trial court, we cannot sustain this proposition.

[2] The second proposition under this assignment of error is:

"In the absence of a contract between the insurer and the physician, the Workmen's Compensation Law gives the physician no cause of action against the insurance carrier, but only gives the employé a cause of action against the insurer."

Under the old law, this proposition was sound, but as we construe the amended law, a cause of action is given directly to the physician. The law reads as follows:

"The employé shall not be entitled to recover any amount expended or incurred by him for said medical aid, hospital services or medicines nor shall any person who supplied the same be entitled to recover of the association therefor, unless the association or subscriber shall have had notice of the injury and shall have refused, failed or neglected to furnish it or them within a reasonable time."

[3] The second assignment of error is that the court erred in rendering judgment in favor of the defendant against the plaintiff for $150, "for that it appeared from the undisputed testimony that he had served the said Jim Coleman for a period of eight weeks, and that his charge for that service was $150, and because the Workmen's Compensation Law only makes the insurance company liable for the first two weeks' medical bill."

The first proposition under this assignment is:

"The Compensation Act making the insurance carrier liable only for two weeks' medical bill, judgment should not have been rendered for a bill which the undisputed testimony showed included the entire service covering a much longer period."

Appellee correctly summarizes the testimony in his counter proposition under this assignment, as follows:

"The undisputed evidence in this case showed that the treatment given Jim Coleman by Dr. Cobb was of a surgical nature, and that the treatment given after the first two weeks was only of an incidental character, and that the value of his services during said two weeks' period was $150. Therefore the court properly gave judgment for that amount."

On this issue, the trial court found:

"Ninth. I find that from a medical and surgical standpoint the injury of the said Jim Coleman was practically well at the expiration of two weeks after the injury, and two weeks after the defendant commenced treating said injury; that while said Coleman remained in the hospital for a period of about two months, the treatment after the first two weeks was only occasional and of an incidental character, for the purpose of seeing that the limb was in place and that no complications had arisen.

"Tenth. I find that it is usual, in surgical cases like Jim Coleman's, for doctors to charge for the case, and it is not usual to charge for each visit or treatment.

"Twelfth. I find that the fair and reasonable value of the services rendered by Dr. C. A.

Cobb during the first two weeks of his treatment of Jim Coleman was $150."

No assignment of error is here made against these findings.

[4] The second proposition is that, where necessary at the time of the injury, or immediately thereafter, the employé shall have the right to call in any available physician to administer first-aid treatment as may be reasonably necessary, at the expense of the association.

This proposition states a correct principle of law, but has no application to this case, under the facts found by the trial court.

[5] The third assignment of error is that the trial court erred to the prejudice of plaintiff in including in the judgment of the defendant against the plaintiff the sum of $25, as the reasonable value of the services of an assistant to Dr. C. A. Cobb, "for that there were no allegations or proof that any such liability ever existed, or that it was ever paid by any one; the only proof being that it was a reasonable fee for the service."

The proposition under this assignment is:

"Under the evidence and allegations there is nothing to show that Dr. C. A. Cobb is the owner of any cause of action for $25 for the services of an assistant, or has the right to sue therefor, or that it has been paid or incurred by him."

This was Dr. Cobb's case, and he assumed the responsibility for the proper handling of the same, and as a part of his duty he provided an assistant for the operation. It was necessary for him to have this assistant, but no charge was made against Jim Coleman or against the association for the same. The court found:

"That it was necessary for the defendant to have an assistant in performing the surgical work necessary in giving such surgical aid and treatment, and that the reasonable value of the services of said assistant was $25, and that this amount was included in the $150 alleged to be the reasonable amount for such services."

This item of $25 was material only in determining the reasonableness of defendant's charge.

[6] The fourth assignment of error is that the trial court erred to the prejudice of plaintiff "in rendering judgment against the plaintiff in favor of the defendant for $150, for that the judgment of the court is contrary to and unauthorized by law, in that both the pleadings and the evidence failed to show that the defendant had complied with the requirements of law, and especially with the provisions of article 5736 of the Revised Civil Statutes."

A written statement, purporting to be an answer for the defendant, is in the transcript. This answer does not comply with the provisions of article 5736, but this case originated in the justice court, and there is no showing, by bill of exception or otherwise, that defendant's answer was confined to this written statement. On this showing, we will presume that the necessary issues were raised by oral pleading.

In Hackney v. Schow et al., 21 Tex. Civ. App. 613, 53 S. W. 713, it is said:

"The evidence offered in the case before us was a written pleading of the plaintiff, which declared upon a note given by Stewart and another for $190 and 10 per cent. attorney's fees, the note and mortgage which so evidenced the amount claimed, the citation which described said note and mortgage as the demand sued upon, and the judgment actually rendered. No credits appear indorsed on the note or mortgage, and, in the absence of any other evidence, they might be construed as evidencing a demand beyond the jurisdiction of the justice court to try. But it is to be remembered that the citation is not a pleading; that pleadings in the justice court may be oral. There is no rule of law which declares that they may not be partly oral and partly written."

Finding no error in this record, this case is in all things affirmed.