## CONSOLIDATED UNDERWRITERS v. BREEDLOVE. (No. 8400.)

(Court of Civil Appeals of Texas. Galveston. March 26, 1925. Rehearing Denied May 7, 1925.)

**I. Courts ⪪91(1)—Decision of Commission of Appeals binds Court of Civil Appeals.**

Decision of Commission of Appeals binds Court of Civil Appeals.

**2. Master and servant ⪪405(6)—Pleadings and evidence held to sustain award for medical expenses.**

Pleadings and evidence *held* sufficient to sustain award under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) for expenses of medical and hospital services, as representing reasonable value of services, which were reasonable and necessary.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Proceeding under the Workmen's Compensation Act between Sam Breedlove, claimant, and the Consolidated Underwriters. From an adverse judgment of the county court, the Underwriters appealed to the Court of Civil Appeals, which certified a question to the Supreme Court, which answered the question in favor of claimant (265 S. W. 128). Judgment of county court affirmed.

C. A. Lord, of Beaumont, for appellant.
Woods, King & John, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover compensation insurance for injuries received by him, while in the employment of Edson & Feray, Inc., which concern conducted an

automobile repair shop in the city of Houston, and had obtained from appellant compensation insurance for the protection of its employees.

In addition to a general denial the defendant specially pleaded:

"That the plaintiff at the time he received his injuries was not engaged in the performance of any work or business of his employer, and was performing no service for the furtherance of any work· for his employer, and at said time was not on the premises of his employer, but was·driving along a public street in the city of Houston, many blocks distant from the place of his employment, in an automobile belonging to himself and not belonging to his employer, and was in the pursuit of his own pleasures or conveniences in his own way and wholly independent of the relationship of employer and employee, and was injured, if at all, by no agency or instrumentality belonging to his employer, but on account of the automobile in which he was riding coming into collision with another automobile being· driven by some third party along the public street in question, and that therefore, the plaintiff was not acting within the course of his employment."

The trial in the court below resulted in a judgment in favor of plaintiff for the following amounts:

"For the sum of $500 to cover medical services for the first two weeks, and for hospital expense $65.30, and for special nurse hire for two weeks $122.50. and for compensation for eight weeks at $15 per week, all aggregating the sum of $807.90, together with costs."

[1] At a former term of this court, we reversed and rendered this judgment on the ground that the evidence conclusively shows that appellee was not, at the time he was injured, engaged in the performance of the duties of his employment, nor in the furtherance of his employer's business, and was therefore not entitled to receive compensation under the workmen's compensation statute of this state (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246–1 to 5246–91). Thereafter a motion for rehearing having been filed by appellee, we certified the question to the Supreme Court, and in an opinion by Section A, Commission of Appeals, approved by the Supreme Court, the question certified is answered adversely to our opinion. 265 S. W. 128. While it is impossible for this court to follow or adopt the reasoning of the Commission of Appeals, its decision is binding upon us and required that our former judgment be set aside, which has been done.

[2] The only material remaining question presented by this appeal is whether the pleadings and evidence are sufficient to sustain the judgment in favor of appellee for $500 medical services, and $122.60 for hire of nurse. We do not think appellant's assignments, complaining of this portion of the judgment, should be sustained. Plaintiff's petition alleges,· in substance, that because

of his injuries he was confined to a hospital under the treatment of a physician and surgeon for a period of three weeks, "all of which was absolutely necessary, and that while at said hospital a special nurse was engaged and employed because of his very serious injuries which was absolutely necessary." After stating the amounts of physicians', hospital, and nurses' charges, which plaintiff had become obligated to pay, the petition further alleges "and each of said charges and all of which constitute the reasonable and customary charges for like services so rendered."

The physician who treated plaintiff testified:

"I have observed the charges made by other reputable doctors for injuries suffered by people in accidents of like character. In my opinion a reasonable fee would have been $1.000, for the services I rendered in this case."

The testimony further shows that the attention and services of the physician during the first 10 days or 2 weeks of plaintiff's injury were much more constant and required greater skill, and therefore were necessarily more valuable than the subsequent services rendered by him.

In regard to nurses Dr. Denman testified:

"I put on two special nurses, a day and a night nurse for quite a number of days. That was necessary. They charge $6.50 each for a 12-hour duty; that would be $13 a day for two nurses. I do not recall how many days these nurses were on; they were on possibly a week—the two—and then I believe I let one go and put one on 24-hour duty. That was the reasonable and customary charge for that kind of work. I have been working at hospitals and among nurses with my patients 15 years. I have had cases where I have had to have two special nurses. I am acquainted with the fees and charges for such service, and have been for years. That is a reasonable and customary charge."

This witness, after detailing the general duties of a hospital nurse says:

"The nurses do not attend to just one patient, and as a rule the patient has to ring the bell; they come and go. It would not have been practicable for Mr. Breedlove to have had this kind of attention, in his unconscious condition, which required absolute quietude, and he needed a competent graduate nurse over him every moment of the time."

Mr. Feray, witness for appellant testified:

"He had to have special nursing, I knew that. That was, within my knowledge, necessary too; as a matter of fact I saw that he had the attention he needed. * * * The nurse bill has been paid by us. * * * We have it charged to Mr. Breedlove's account. We paid it and charged it to his account. I guess he is going to repay us when he gets paid; he is still working for us."

The workmen's compensation statute of this state provides that:

"During the first two weeks of injury dating from the date of its infliction, the association shall furnish reasonable medical and hospital service and medicines." Vernon's Ann. Civ. St. Supp. 1918, art. 5246—9.

We think the evidence above set out shows that the medical aid and hospital services furnished plaintiff, and for which he became liable, and was awarded judgment against appellant, was reasonable and necessary, and that the amounts so recovered were the reasonable value of such services. Home Life & Accident Co. v. Cobb (Tex. Civ. App.) 220 S. W. 131.

It follows, from these conclusions, that the judgment should be affirmed, and it has been so ordered.

Affirmed.