## McCARTY MOTOR CO. et al. v. R. F. FINANCE CORPORATION et al.

### No. 12448.

Court of Civil Appeals of Texas. Fort Worth.

April 4, 1931.

Cooper & Lumpkin, of Amarillo, for appellant.

Kilgore & Rogers, of Wichita Falls, for appellees.

DUNKLIN, J.

F. A. Linn executed to the Fritz Motor Company his promissory note, payable in Wichita county, dated December 4, 1928, for the principal sum of $645, payable in monthly installments of $53 each, with the provision that a failure to pay any installment would give the holder the right to declare the entire note due. To secure the payment of the note, Linn also executed a chattel mortgage in favor of the payee upon an automobile. The note and mortgage were duly transferred and assigned by the payee before maturity to the R. F. Finance Corporation, who for a valuable consideration bought it in good faith and without notice of any defense thereto. After default in its payments, according to its terms, the assignee declared the whole debt due and sued Linn for a personal judgment, and also prayed for a foreclosure of the chattel mortgage both as against Linn and W. M. McCarty and the McCarty Motor Company, who were likewise made defendants and who claimed the automobile under purchase from Linn. Judgment was rendered in favor of the defendant McCarty, of which no complaint is made. A judgment by default was rendered against Linn, and he has not questioned its validity by appeal; but the defendant McCarty Motor Company has appealed from the foreclosure decree.

The only contention presented by appellant is that it acquired title to the automobile by purchase from Linn's vendee, free of the mortgage lien theretofore given.

The record shows that the chattel mortgage was executed by Linn in Wichita county on December 4, 1928, and that it was filed for record in that county on January 8, 1929. The mortgage recites that the automobile was then situated in the town of Electra, county of Wichita, Tex., and one of its provisions was that the mortgagor would not move it out of Wichita county without the written permission of the owner or holder of the note, and would not permit the use of the same out of said county, or allow it to be used in violation of any state or federal law.

The evidence shows without controversy that at the time of the execution of the mortgage the car was in Wichita county, as recited in the mortgage. According to Linn's testimony, he owned a home in Borger, Hutchinson county, and while he was in Wichita county he was engaged in the drilling of an oil well; that he and his wife occupied a rented house during their stay in Wichita county, and that he would make occasional trips in the automobile to his home in Borger and would then return to Electra; that he and his wife continued to reside in Electra until the latter part of June, 1929; that after the expiration of that period they returned to Borger and lived permanently in their home. That after his return to Borger, and on July 11, 1929, he sold the car to Specter & Morgan, an automobile firm in Borger; that testimony was not controverted. It further appears that on August 1, 1929, Specter & Morgan sold the car to the McCarty Motor Company, an automobile firm doing business in Potter county, who purchased the same in good faith, paying a valuable consideration therefor, after being told that it was free of any liens and without any actual notice of the mortgage in controversy. The mortgage was never filed for record in Hutchinson county, or any other county than Wichita county.

After the suit was filed, a receiver was appointed, who, in obedience to process of the court, took the car from the possession of the McCarty Motor Company over its protest.

The record further shows without controversy that the holder of the mortgage never consented to the removal of the car from Wichita county, and knew nothing of such removal until the suit was filed.

■ Several assignments of error are presented to the action of the court in overruling appellant's motion to vacate the receivership for lack of proper grounds authorizing such action. Even though there was error in appointing a receiver, that would constitute no ground for reversing the judgment on the merits of the case. Accordingly, the assignments complaining of the appointment of the receiver as a ground for reversal are overruled.

By article 5490, Rev. Civ. Statutes, it is provided that every chattel mortgage upon personal property "shall be absolutely void as against the creditors of the mortgagor or person making same, as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this State, then, of the county of which he shall at that time be a resident."

Article 6645 of the statutes reads: "Every deed, mortgage, or other writing, respecting the title of personal property hereafter executed, which by law ought to be recorded, shall be recorded in the clerk's office of the county court of that county in which the property shall remain; and if afterwards the person claiming title under such deed, mortgage, or other writing, shall permit any other person in whose possession such property may be to remove with the same, or any party thereof, out of the county in which the same shall be recorded, and shall not, within four months after such removal cause the same to be recorded in the county to which such property shall be removed, such deed, mortgage, or other writing for so long as it shall not be recorded in such last mentioned county, and, for so much of the property aforesaid as shall have been removed, shall be void as to all creditors and purchasers thereof for valuable consideration without notice."

■ Although the mortgage was not filed until a month and four days after it was executed, yet we do not believe that such delay would of itself be any reason for holding that as against appellant the lien never attached or that it was waived. As shown above, the sale by Linn to Specter & Morgan did not occur until several months after the mortgage was recorded, and, therefore, neither that buyer nor the appellant was prejudiced by plaintiff's failure to file the mortgage forthwith. If the sales had occurred between the date of execution of the mortgage and the sales, a different question would be presented. Vickers v. Carnahan, 4 Tex. Civ. App. 305, 23 S. W. 338; Hackney v. Schow, 21 Tex. Civ. App. 613, 53 S. W. 713.

■ The holder of the mortgage was not required to file the same both in the county where the property was situated at the time the mortgage was given and in the county of the mortgagor's residence. Such is true according to the express provisions of article 5490. See. also Oxsheer v. Watt, 91 Tex. 402, 44 S. W. 67.

As noted already, the purchase of the car by appellant was within less than two months after it was removed from Wichita county to Borger; and since the proof shows without controversy that the removal of the car at that time was without the knowledge or consent of the holder of the mortgage, it follows that the mortgage lien was not lost by reason of the provisions of article 6645 of the statutes. Karcher & Co. v. Davis (Tex. Civ. App.) 278 S. W. 302; Paschal v. Harris Motor Co. (Tex. Civ. App.) 280 S. W. 614. Under the facts stated and the authorities cited, plaintiff had a valid mortgage lien upon the car in controversy at the time appellant purchased the same, and, since it was duly recorded according to the provisions of the statutes, and was not lost by the removal of the car from Wichita county before it was sold, appellant purchased the same with constructive notice of such mortgage lien, and therefore showed no valid defense against the foreclosure sought, and the court did not err in instructing a verdict in plaintiff's favor.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.