J. S. PALMER v. J. W. SPANDENBERG.

Decided May 6, 1908.

**1.—Amendment—New Cause of Action—Default.**

Upon an amendment setting up a new cause of action judgment by default can not be taken without service of citation upon defendant to answer the new cause of action.

**2.—Judgment Over—Pleading.**

In an action against the defendant alleged to have contracted the debt and another alleged to have assumed its payment, judgment over in favor of the latter, on payment of the judgment by him, against his co-defendant, could not be rendered in the absence of pleading by him seeking such relief.

**3.—Novation—Discharge—Pleading.**

Pleading alleging the assumption by one defendant of the debt due to plaintiff from his co-defendant, held to show also a discharge by the plaintiff of the original debtor and to be insufficient to support a judgment against him.

Error from the County Court of Brown County. Tried below before Hon. A. M. Brumfield.

*Arch Grinnan,* for plaintiff in error.

RICE, ASSOCIATE JUSTICE.—Defendant in error, plaintiff below, by petition duly filed in the County Court of Brown County on the 15th of June, 1906, brought this suit against plaintiff in error, defendant below, to recover of him the aggregate sum of $225, with interest thereon, alleged to be due him from defendant for the rental of a certain building and premises, alleged to be the property of plaintiff, situated in the city of Brownwood, Texas, for a period of nine months at $18 per month, commencing on the —— day of ——, 1905, and ending on March 1, 1906; and for certain water rents and for damages to said premises, and for the value of certain lumber alleged to have been converted by defendant during his occupancy of said premises, and praying for judgment therefor. Citation was duly issued upon said petition and served upon defendant.

On November 22, 1906, plaintiff, as agent for his wife, Delia C. Spandenberg, filed his first amended original petition, substantially reiterating the allegations of his original petition, with the exception that he alleged that the premises so rented to said Palmer was the separate property of his wife, Delia C. Spandenberg, and that the same was rented to said Palmer by him as her agent, for the purposes of a laundry, which he thereafter conducted therein, alleging a different period of time, to wit, from July 1, 1904, to the first of March, 1905; and in said amended petition it was further alleged that the said Palmer, on or about the first of April, 1905, and while he was still indebted to plaintiff for rent and damages, as aforesaid, sold his said laundry machinery, fixtures and appliances to one S. P. Hale, who it is alleged, for the purpose of obtaining possession thereof, and removing same from said premises, agreed and promised to pay the indebtedness of said Palmer to plaintiff, provided the same did not exceed $250, upon condition that plaintiff would wait upon him for the money until a certain note for $250 which had been executed by said Hale to Palmer should become due and payable at a certain bank, it being alleged that said Hale would arrange with Palmer to place said note at said bank to secure him in said payment of said $250 to plaintiff. It was further alleged in said amended petition that said Hale, by reason of said assumption of said indebtedness, secured possession of said laundry machinery, fixtures, etc., and removed the same from said building, and that said note had become due and payable, and that no part thereof had been paid, to plaintiff's damage, etc.; praying that said Hale be made party defendant, and served with citation therein, and for judgment against said Hale and said Palmer for said $250.

On the 2d of April, 1907, said case being regularly called for trial,

judgment by default was rendered in favor of J. W. Spandenberg, as agent of his said wife, against said Palmer for the sum of $250, with interest and cost of suit. It was further ordered, adjudged and decreed therein that defendant Hale should pay to said Spandenberg for said Palmer said sum of $250, with interest and costs; and it was further ordered and decreed that when said Hale had paid said Spandenberg said sum of $250 on account of the judgment rendered therein against said Palmer in favor of Spandenberg, then he, the said Hale, should have judgment over against said Palmer for said sum of $250, with interest and costs from date of said judgment, and awarding execution thereon. Said judgment recited that the same was taken by default, and said Hale is shown by the recitations thereof to have accepted service of plaintiff's amended petition and waived the issuance of citation thereon, but no service was had upon Palmer of said amended petition.

Plaintiff in error, by his first, second, third and fourth assignments, insists that the judgment should be reversed, because the amended original petition upon which judgment by default was obtained, sets up a new cause of action from that alleged in the original petition, and that plaintiff in error was not served with citation or notice of said amendment, and did not appear or answer in said suit. We think the record shows that the amended petition sets up a new cause of action from that pleaded in the original petition, and it also shows that the judgment was by default, and it appears that no service was had of said amendment upon plaintiff in error, and that he did not appear and answer therein; and, therefore, said assignments are well taken. It is well settled that a default judgment can not be rendered upon an amended petition setting up a new cause of action, of which defendant has had no notice and has not been served with citation. (Morrison v. Walker, 22 Texas, 19; Pena v. Pena, 43 S. W., 1027; McRee v. Brown, 45 Texas, 507; DeWalt v. Snow, 25 Texas, 320; Book 2, Rose's Notes, pp. 118 and 244.)

Plaintiff in error by his fifth assignment urges that there is no pleading authorizing the judgment in favor of S. P. Hale against him, Palmer, for the sum of $250 or for any amount. It appears that judgment by default was rendered against Palmer for $250, and that Hale, upon the payment of said judgment against Palmer, should have judgment over against him for said sum, with legal interest thereon and all costs of suit. The judgment was by default, and there was no pleading on the part of Hale asking for any judgment over against Palmer. It is well settled that judgment can not be rendered in the absence of pleading to support the same. (Hall v. Jackson, 3 Texas, 305; Dean v. Lyons, 47 Texas, 21; Carpenter v. Knapp, 1 App. C. C. (White & W.), sec. 1111.)

Plaintiff in error by his sixth assignment urges that the facts alleged in said amended original petition were insufficient to authorize judgment against him, insisting that it appeared therefrom that the said Hale had assumed the indebtedness owing by him to plaintiff, whereby he was released from the payment thereof. The facts as alleged in said petition show that Palmer, plaintiff in error herein, sold his laundry machinery, fixtures, etc., to defendant Hale, and that Hale,

with plaintiff's acquiescence and consent, had assumed the indebtedness owing by defendant Palmer to plaintiff, obligating himself to pay the same, and that said property was removed from said premises by reason of the assumption of said debt, and plaintiff in error was released therefrom. We think this contention is sound and that plaintiff was not entitled to judgment as against him for any amount, because he had been expressly released therefrom by reason of the facts pleaded. This being true, it was fundamental error to have rendered any judgment against plaintiff in error.

On account of the errors assigned, all of which we think are well taken, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*