## TUBBS v. FIRST NAT. BANK OF FORT WORTH et al.

### No. 12642.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 27, 1932.

Dean & Perkins, of Fort Worth, for plaintiff in error.

Chas. T. Rowland and J. R. Black, both of Fort Worth, and Thompson, Knight, Baker & Harris, of Dallas, for defendants in error.

BUCK, J.

The First National Bank of Fort Worth filed suit against the Reliance Insurance Company, of Philadelphia, W. W. Leitner, and Clarence Kraft Motor Company, and for cause of action plaintiff pleaded that on January 27, 1927, the Clarence Kraft Motor Company, engaged in the retail sale and delivery of Ford automobiles and motor vehicles, sold to W. W. Leitner a Ford coupé, and defendant Leitner for a valuable consideration made and executed and delivered to the said Kraft Motor Company his certain installment promissory note in writing for the principal sum of $495, payable to the order of the Clarence Kraft Motor Company in eleven monthly installments of $35 each and the last installment being for $110. That the first installment matured on February 26, 1927, and a like·amount on the 26th day of each succeeding month until the entire twelve installments were fully paid. That said note bore interest from the maturity of each installment at the rate of 10 per cent. per annum until paid. That said note further provided that, if the same was not paid when due and when placed in the hands of an attorney for suit or collection, or collected through any bankrupt or probate court, a further sum of 10 per cent. additional on the principal and interest then due should be added and collected as the agreed stipulated attorneys' fees.

The petition admitted that three installments, paid March 12, March 25, and April 26, 1927, for $35 each, had been credited on the note. It was further alleged that on January 27, 1927, the defendant Leitner had paid to the Reliance Insurance Company the sum of $20.05 as a premium for its policy of insurance payable to the holder of the note, and that the insurance company had therefore become liable and bound to pay to the assured the sum of $500 in the event the Ford coupé should be lost by theft, robbery, and pilferage during the term of said policy. Plaintiff further alleged that during the term of said policy of insurance, on March 16, 1927, said coupé had been stolen and unlawfully converted to the use of unknown thief or thieves, and on the ——— day of March, 1927, said theft had been duly and properly reported to the insurance company, its agents and representatives, Hollingsworth & Kenyon, of Fort Worth. It therefore prayed that it have judgment in the amount of the principal sum of $495, with interest at 10 per cent. additional, less the credit of·$105.

Defendant Leitner pleaded that he was at one time the owner of the Ford coupé, described in plaintiff's petition, but that he had sold it to one C. P. Scott, who resided in Tarrant county, and who assumed the payments of the note, and that said sale to C. P. Scott was ratified and accepted by the defendant Clarence Kraft Motor Company, who was then the owner and holder of said note, and said Scott agreed to assume the payments of all installments of the note then outstanding and to become liable for the payment of the note. Defendant further pleaded that he had had possession of the Ford coupé for a short time and made no payments on said'note, and that the three payments mentioned in plaintiff's petition as having been made on said note were paid by the said C. P. Scott or by some person unknown to defendant, and that defendant had no further interest in said Ford coupé after the sale thereof to said Scott. Plaintiff further pleaded that J. F. Tubbs was claiming some interest in said Ford coupé, and that both Scott and Tubbs should be cited to appear and answer herein.

Defendant Clarence Kraft Motor Company, hereinafter called motor company, replied to Leitner's answer and cross-action by way of a general demurrer and several exceptions not necessary here to designate. Said reply to defendant Leitner's answer was signed by Charles T. Rowland as attorney, also attorney for the plaintiff, the First National Bank of Fort Worth.

Trial was had, and the trial court instructed the jury to find in favor of plaintiff against W. W. Leitner for the principal sum alleged and for interest and attorneys' fees. Judgment was rendered upon this verdict, the trial court rendering judgment against defendant Leitner for $516.75, representing

principal and interest due on said note, and $51.67 as attorneys' fees, and costs of court. The court also rendered judgment for Leitner over against C. P. Scott and J. F. Tubbs, jointly and severally, for such amount as had been theretofore rendered against defendant Leitner. It also rendered judgment that the First National Bank, W. W. Leitner, J. F. Tubbs, and C. P. Scott and the Clarence Kraft Motor Company recover nothing as against the Reliance Insurance Company. That the defendant insurance company recover its costs against the plaintiff; that the defendant Leitner recover nothing against the defendant motor company. From this judgment defendant W. W. Leitner excepted and gave notice of appeal to this court.

J. F. Tubbs filed a petition in error on April 28, 1931, judgment having been rendered on December 5, 1930. In the petition of the writ of error, plaintiff Tubbs complained of the rendition of a judgment against the plaintiff in error on Leitner's plea over.

## Opinion.

J. F. Tubbs complains of the trial court rendering judgment by default against the plaintiff in error on the amended cross-action of the defendant Leitner, said cross-action being filed on November 10, 1928, and said plaintiff in error not having been cited, nor having accepted service of such amended cross-action, since the cross-action sets up a new and different cause of action from that asserted in the original petition. He cites several cases in support of his assignment which will be hereinafter discussed.

In the case of Pena v. Pena, 43 S. W. 1027, by the San Antonio Court of Civil Appeals, it is said, quoting from the headnotes: "It is error to enter a judgment by default upon an amended petition, where the defendant, although a citation issued upon the original petition had been served on him, was not cited to answer the amended petition, and did not waive citation, accept service, nor enter his appearance in the cause, and neither appeared nor answered at any time or in any manner in the suit."

In Palmer v. Spandenberg, 50 Tex. Civ. App. 565, 110 S. W. 760, by the Austin Court of Civil Appeals, it is said that a default judgment cannot be rendered on an amended petition setting up a new cause of action, where the defendant was not served with citation or notice of the amendment, and did not appear or answer. See, also, Stewart v. Anderson, 70 Tex. 588, 8 S. W. 295.

We conclude that plaintiff in error's assignment must be sustained and the judgment of the lower court granting a judgment over in favor of defendant Leitner and against the defendant Tubbs must be reversed.

It does not appear that defendant Scott was served with notice of Leitner's cross-action, hence that part of the judgment which gives Leitner judgment over against Scott and Tubbs is reversed and said Tubbs is dismissed from this suit. Said dismissal does not preclude Leitner from filing suit against Tubbs if he should see fit to do so. The remainder of the judgment is left undisturbed.

Judgment reversed, and party defendant dismissed in part, and left undisturbed in part.