## NUCKLES v. J. M. RADFORD GROCERY CO.

### No. 1281.

Court of Civil Appeals of Texas. Eastland.
May 25, 1934.

Rehearing Denied June 22, 1934.

Marshall & Perkins, of Quanah, and Cox & Hayden, of Abilene, for appellant.

W. E. Lessing, of Abilene, for appellee.

HICKMAN, Chief Justice.

This action was brought by Mrs. T. B. Nuckles, joined pro forma by her husband, T. B. Nuckles, and L. J. Nuckles as a direct attack in the nature of a bill of review to set aside a judgment rendered in the same court at a prior term in favor of appellee, J. M. Radford Grocery Company, against them. In the original suit, plaintiff, appellee herein, declared upon promissory notes executed by T. J. Davis and J. O. Davis, copartners doing business as Davis Bros., and for a foreclosure of a mortgage lien upon certain mercantile fixtures. Mrs. T. B. Nuckles and L. J. Nuckles were made parties defendant to that suit, the allegations as to them being that they were setting up some claim of right, title, or interest in and to the mortgaged property, the exact nature of which was unknown to the plaintiff, but which was inferior to the lien of the plaintiff. A foreclosure of the mortgage lien was sought as against all the defendants. After being served with citation in that cause, Mrs. Nuckles and her son, L. J. Nuckles, filed a disclaimer of any interest in the property. After this disclaimer was filed, and on the day that final judgment was entered, the plaintiff in that action, and appellee here, filed its amended petition charging, for the first time, that Mrs. Nuckles and L. J. Nuckles had converted the mortgaged property. Upon this amended petition judgment was rendered against them for damages for conversion, without any knowledge on their part that the pleadings had been amended after their disclaimers were filed. Mrs. Nuckles and L. J. Nuckles learned of the rendition of that judgment after the term at which same was entered had expired, whereupon they instituted the present suit in the same court to set it aside. In this suit Mrs. Nuckles was joined pro forma by her husband, T. B. Nuckles. The petition pleaded all the facts and alleged a meritorious defense to the cause of action asserted by the plaintiff in the original suit. In its answer the appellee set up a cross-action against T. B. Nuckles, Mrs. T. B. Nuckles, and L. J. Nuckles, charging them jointly and severally with the conversion of the mortgaged property. Thereupon T. B. Nuckles filed his plea of privilege to be sued in Hardeman county, the county of his residence. This plea of privilege was sustained, and the case, as to him, transferred to Hardeman county. It appears somewhat unusual that T. B. Nuckles, who had voluntarily come into court as a plaintiff, should have had his plea of privilege sustained, but the question of the correctness of that ruling is not before us.

It was established upon the trial that Davis Bros. were tenants of T. B. Nuckles, and that the fixtures covered by the mortgage of appellee were regularly sold to strangers to this suit under a judgment rendered in Hardeman county in favor of T. B. Nuckles against Davis Bros., foreclosing a landlord's lien against same. L. J. Nuckles is the son of T. B. Nuckles, and his connection with the transaction was as agent of his father in procuring the suit to be brought and the foreclosure to be had thereunder. The real issue of fact, if indeed there was any issue of fact, was whether the mortgage lien of the appellee was prior in time to the landlord's lien foreclosed in the suit of T. B. Nuckles. It was the claim of appellant and T. B. Nuckles that the rent for which the landlord's lien was claimed accrued under a contract for a yearly rental for the year.1931, made during the latter part of the year 1930. Appellee's mortgage was executed after January 1, 1931. With testimony somewhat uncertain as to whether the rental contract between T. B. Nuckles and Davis Bros. was for a full period of twelve months, an issue was submitted to the jury as follows: "Was the rental agreement between T. B. Nuckles and Davis Bros. concerning the building in question for the full period of twelve (12) months beginning January 1st, 1931, or, was the term to end upon such date as Davis Bros. might discontinue business?"

To this issue the jury answered: "The agreement was for a full twelve (12) months beginning January 1st, 1931."

The only other issue submitted was as to the value of the mortgaged property, which the jury found to be $150. Upon this verdict the court rendered judgment in favor of appellee against L. J. Nuckles for $150. No recovery was had against Mrs. T. B. Nuckles, who was shown to be a married woman. No issue was submitted on the question of whether the court should set aside the original judgment, but it was held, as a matter of

law, that that judgment should be set aside, and the judgment in the instant case so decreed.

We do not pass upon the contention that L. J. Nuckles could not have been held liable for conversion in the instant case, even had the evidence disclosed that the mortgage of appellee was superior to the landlord's lien of T. B. Nuckles. It is unnecessary to discuss that question. We have in this record a jury finding that the rental contract between T. B. Nuckles and Davis Bros. was for a full twelve-month term, the legal effect of which finding is that the landlord's lien of T. B. Nuckles was superior to the mortgage lien of the appellee. The sufficiency of the evidence to support this finding by the jury is not challenged by appellee. It is certain that, if T. B. Nuckles had a superior lien upon this property, and that L. J. Nuckles did nothing more than to act as his agent in having that lien foreclosed, he could not be guilty of conversion. By the terms of article 5238, R. S. 1925, the landlord is given a preference lien upon certain property of his tenant for rents due, or to become due, for a period of 12 months. That lien is superior to the lien of a chattel mortgage executed after the tenant takes possession under the rental contract. Marsalis v. Pitman, 68 Tex. 624, 5 S. W. 404; Berkey & Gay Furniture Co. v. Hotel Co., 81 Tex. 135, 16 S. W. 807; Low v. Troy Laundry Mach. Co. (Tex. Civ. App.) 160 S. W. 136; Phil H. Pierce Co. v. Rude (Tex. Civ. App.) 291 S. W. 974; Radford v. Bacon Securities Co. (Tex. Civ. App.) 18 S.W.(2d) 848: S. W. Drug Corp. v. Johnson (Tex. Civ. App.) 53 S.W.(2d) 809.

The appellee in its brief does not undertake to establish that the judgment has support in the verdict, but instead relies principally upon its cross-assignment of error that the court erred in setting aside the original judgment as to L. J. Nuckles. Admission is made that the judgment was properly set aside as to Mrs. T. B. Nuckles, because she was a married woman when same was rendered, and her husband was not made a party, but it is claimed that no fraud was established, and no issue of fraud submitted to the jury warranting the setting aside of the original judgment as to L. J. Nuckles. When a plaintiff, by an amended petition, changes his cause of action, and the defendant has not filed an answer, it is necessary, in order to support a default judgment, to cite the defendant upon the amended cause of action. Pena v. Pena (Tex. Civ. App.) 43 S. W. 1027; Palmer v. Spandenberg, 50 Tex. Civ. App. 565, 110 S. W. 760; Tubbs v. First Nat. Bank of Fort Worth (Tex. Civ. App.) 48 S.W.(2d) 309.

The only answer filed by the defendants in the original suit was a disclaimer of any interest in the property against which the plaintiff in that suit sought foreclosure. A disclaimer is not deemed an answer. Herring v. Swain, 84 Tex. 523, 19 S. W. 774; Tull v. Wilbarger County (Tex. Civ. App.) 36 S. W.(2d) 316. "A disclaimer is an admission upon the record of the plaintiff's right, and a denial of the assertion of title on the part of the defendant." Snyder v. Compton (Tex. Civ. App.) 29 S. W. 73. The courts should look with favor upon such pleas, and a defendant who files a disclaimer should not be placed in a worse position than he would have been placed by his failure to file any answer at all. We are cited to no authority directly deciding the question, but we think that every reason which could be assigned for requiring that a defendant who has not answered at all be served with a new citation when plaintiff, by amendment, changes his cause of action, would apply in a case, like the instant one, where the only cause of action asserted against a defendant is a right of foreclosure, and the defendant files a disclaimer as to the property. We therefore conclude that the trial court was correct in holding, as a matter of law, that the original judgment should be set aside.

Having set aside the original judgment, it was the duty of the trial court to render judgment in accordance with the verdict. We therefore reverse the judgment of the trial court, and here render judgment that appellee take nothing against appellant.

Reversed and rendered.