### G. Y. McWILLIAMS v. CORNELIUS BROS. & CO.

(Case No. 5878.)

1. DEED OF ASSIGNMENT—LANGUAGE—CONSTRUCTION—A deed of assignment was expressed to be for the benefit of all the assignor's creditors, *or* such of his creditors only as would accept their dividends and discharge the debtor. *Held:*

(1) Under the law a debtor can make an assignment for the benefit of all his creditors, or for the benefit of those who will accept their dividends and discharge the debtor. He must choose which course he will follow, and the law does not authorize him to assign for the benefit of all *and* a part, or for the benefit of all *or* a part.

(2) The instrument did not settle the uses to which the assigned property was to be applied. (Caton *v.* Mosely, 25 Tex., 378.) The law could make no election for the assignor; the deed was not susceptible of any interpretation that would make it effectual, and the assignment was void.

APPEAL from Mitchell. Tried below before the Hon. Wm. Kennedy.

On July 16, 1884, the appellant executed an affidavit and claimant's bond under the statute to try the right of property to an undivided one-third interest in and to a certain herd or stock of cattle, numbering about twenty-five hundred head, running at large on the range known as the Cornelius Bros. & Co.'s range, in Scurry and adjacent counties, and known as the Cornelius Bros. & Co.'s stock of cattle. Also to twenty-five head of horses and fifteen head of cattle running at large on the same range, the property having been levied upon, on June 30, 1884, as the property of J. M. McKinzie, by the sheriff of Mitchell county under a writ of attachment issued out of the district court of that county, in the suit of Cornelius Bros. & Co. *v.* J. M. McKenzie. The sheriff returned the affidavit and bond to the district court of Mitchell county, and the same was filed therein on September 16, 1884.

At the December term, 1884, the court directed that the issues be made up between the plaintiffs in attachment and the claimant, the burden of proof to be on the former. On January 6, 1885, the appellees, as plaintiffs below, filed a tender of issues alleging:

1. A valid levy by the sheriff by a valid writ of attachment at the suit of plaintiffs against J. M. McKenzie upon the property in controversy.

2. That at the time the property was so attached it was the property of defendant, and subject to attachment, and was of the value of $16,000.

On January 13, 1885, the appellant, as defendant below, filed an answer to the issues tendered, setting up:

1. That he claimed the property in controversy, as assignee, by virtue of a deed of assignment executed and delivered by J. M. McKenzie on June 25, 1884.

2. He denied that J. M. McKenzie was the owner of the property at the time of the levy of the writ of attachment thereon, but averred that the assignee, under the deed of assignment, at that time was the owner of and in possession of the property.

On June 17, 1885, a trial was had, the cause being submitted to the court without a jury, and judgment rendered in favor of appellees against appellant and Barton Peck, E. W. McKenzie and A. R. Earnest, sureties on claimant's bond for $10,000 as the value of the property, and $1,000 statutory damages.

*G. S. Jones, J. D. Martin* and *Chas. A. Jennings*, for appellant, cited: Acts of 1879, ch. 53, pp. 57, 60; Acts of 1883, ch. 56, p. 46; Coffin *v.* Douglass, 61 Tex., 406; Keating *v.* Vaughn, 61 Tex., 519; Hearne *v.* Gillett, 62 Tex., 23; Keller *v.* Smalley & Harris, 63 Tex., 512; Burrell on Assignments, 4th ed., pp. 456, 461; Wait on Fraud. Conv., sec. 343, pp. 449, 450; Munro *v.* Alair, 2 Caines, (N. Y.) 320; Moore *v.* Griffin, 22 Me., 350; Wilkes *v.* Ferris, 5 Johns., (N. Y.) 335; U. S. *v.* Howland, 4 Wheat, (U. S.) 108; U. S. *v.* Langton, 5 Mason, 280; Mims *v.* Armstrong, 31 Md., 87; Guerin *v.* Hunt, 6 Minn., 260; Price *v.* Haynes, 37 Mich., 487; Darling *v.* Rogers, 22 Wend., 483, 488; Coverdale *v.* Wilder, 17 Pick., 181; Grover *v.* Wakeman, 11 Wend., 187, 192; Commonwealth *v.* Grey and wife, 2 Gray, 502; Brown *v.* Commonwealth, 8 Mass., 59; White *v.* Crawford, 10 Mass., 187; Den *v.* Mugway, 3 J. S. Green, (15 N. J. Law) 330; Roome *v.* Phillips, 24 N. Y., 469; Hatchett *v.* Blanton, 72 Ala., 423; Holmes *v.* Martin, 10 Ga., 503.

*Smith & Merrill* and *Leake & Henry*, for appellees, cited: R. S. Appendix, p. 5; Act of 1879, p. 57, secs. 1, 3, 5, 6, 7, 8, 9; Moody & Jemison *v.* Paschal, 60 Tex., 483; Knight *v.* Packer, 1 Beasley Ch., (N. J.) 214; Knight *v.* Packer, 72 Am. Dec., 388; Burrell on Assignments, 235.

Robertson, Associate Justice.—The object in construing an instrument is to arrive at the intent of the maker. If this is plainly expressed in intelligible words, there is no room for construction. The instrument under which appellant claimed the property in controversy purported to be a deed of assignment for the benefit of creditors under the statute. The statute authorized an assignment for the benefit of all creditors; or one for the benefit of those creditors who will accept what they receive under the assignment in full of their demands. The deed made by McKenzie was expressed to be for the benefit of all his creditors in proportion to their respective claims, *or* such of his

creditors only as would accept their dividends and discharge the debtor. There is no ambiguity in the language. The trust is for the benefit of all, or for the benefit of a number less than all. This is the plainly expressed intention of the assignor.

The debtor may choose under the law which kind of assignment will be made by him. He declines to choose, but states that he makes it for one or the other of the permitted purposes. He cannot assign for the benefit of all *and* for the benefit exclusively of a class less than all. The execution of such a trust would be impossible. But he makes an assignment, not for both, but for either. He has not intended which. He has not made either of the instruments the law authorized. The administration of the trust for both the inconsistent and repugnant purposes, either under the statute or the common law, is physically impossible, unless by a miracle all the creditors should consent to take what they could get in full, when they might, under the paper, as well receive the dividends without releasing, and then the release would be without consideration.

Whether all or only those agreeing to release shall share in the assets, the assignor has not decided or promised to decide; the law makes no election, and neither he nor the law has conferred the authority upon any one else to determine the choice. The instrument does not settle the uses to which the assigned property is to be applied. Cotton *v.* Mosely, 25 Tex., 378.

If the debtor has specified the kind of assignment he intended to make, the statute would supply deficiencies, but it cannot make the choice for him. The deed is not susceptible of any interpretation that would make it effectual. Instead of making an instrument for *one of two* authorized purposes, the assignor has made one for *either of two* purposes. If this was not his purpose, there is nothing in the instrument to indicate his actual intent.

The assignment was void, and the judgment below was right and must be affirmed.

Affirmed.

[Opinion delivered May 21, 1886.]