**SOUTHWESTERN DRUG CORPORATION
v. JOHNSON.**

No. 3861.

Court of Civil Appeals of Texas. Amarillo.

Sept. 14, 1932.

Rehearing Denied Nov. 9, 1932.

James O. Cade, of Amarillo, for appellant.

Reynolds & Heare, of Shamrock, for appellee.

MARTIN, J.

Appellee sued appellant for the alleged conversion of certain fixtures not necessary here to mention, upon which he claimed a landlord's lien.

His petition alleges, in substance, that on or about the 1st day of April, 1930, he leased and let to one J. Fred Smith, by a verbal contract, a certain store building in the town of Shamrock, for a period of one year beginning the 1st day of April, 1930, and ending the 31st day of March, 1931, for an annual rental of $720; that immediately after the making of said contract the said Smith placed in said building the fixtures and personal property in controversy in this suit. He further alleges that the said Smith paid on his contract the sum of $300, leaving a balance of $420 unpaid; that he had a valid and subsisting landlord's lien against all the items of fixtures described in his petition, to secure him in the rent of said building, and that, while said fixtures were still in said building and during the existence of his lien, on or about the 1st day of March, 1931, appellant entered said building, carried away the said items, and converted the same to its own use and benefit; that Smith was and is notoriously insolvent, and that the said property carried away was of the reasonable market value of more than $420. His prayer is for the recovery of $420.

The appellant answered by general demurrer, general denial, and specially that it held a valid chattel mortgage on the property in controversy superior to the alleged landlord's lien of appellee. It further alleged that one M. Reynolds had been appointed trustee for the benefit of the creditors of J. Fred Smith; that appellant had filed a foreclosure suit, which was thereafter settled by agreement signed by M. Reynolds, trustee, Mr. and Mrs. J. Fred Smith, and Herbert Callan, the alleged purchaser of the property in controversy at a trustee's sale. It further pleaded res judicata of all matters in controversy, and that the parties above named had signed a complete bill of sale of the property to it.

Certain issues not necessary to here detail were submitted to the jury, upon whose answers a judgment was rendered for appellee in the sum of $420 against appellant, as prayed for.

Three propositions have been briefed by appellant. No brief is on file for appellee.

We give here the substance of so much of the evidence as is necessary to illustrate the legal propositions hereafter discussed. The evidence for appellee showed that he had rented, through his daughter as agent, a storehouse in Shamrock by verbal lease, for one year, for the sum of $720, payable $60 per month, with provision that any unpaid

balance would be due at the end of the rental period; $300 was paid at various times on this contract; the fixtures in controversy were in the building at the time; that Smith was in possession from April 1, 1930, for several months thereafter; that Smith executed and delivered a chattel mortgage on the fixtures in controversy to appellant about the latter part of April or May, 1930, which was immediately filed in the clerk's office. On September 11, 1930, appellant received a letter from M. Reynolds notifying it that J. Fred Smith had made an assignment for the benefit of his creditors and that Mr. Reynolds had been designated as the assignee. No written assignment appears in the record. Reynolds testified that the assignment was made orally. Thereafter, about November 18, 1930, appellant brought suit to foreclose its chattel mortgage in the district court of Potter county, to which, however, appellee was not a party. Thereafter an agreement of settlement was made by M. Reynolds, Mr. and Mrs. J. Fred Smith, and Herbert Callan, defendants in said suit, conveying all their right, title, and interest in the property in controversy to appellant in consideration of a release of themselves from all claims against the signers of such release. In February, 1931, appellant took possession of said fixtures and removed them from Shamrock, Wheeler county, to Potter county, and converted them to its own use. The original suit for conversion was filed by appellee on June 20, 1931.

■ It is first claimed by appellant that a general demurrer should have been sustained to appellee's first amended original petition, because it contains no allegation whatever that he had been damaged in any sum of money.

As already indicated, the petition did allege sufficient facts to show a valid rental contract, an unpaid balance, a valid landlord's lien, a conversion of the property during the existence of such lien, and the value of the property converted. These facts sufficiently showed damages and the extent thereof. If appellee had merely pleaded that he had been damaged, without stating the facts, his petition would have been subject to a demurrer. Wagner v. J. B. Colt Co. (Tex. Civ. App.) 234 S. W. 934. We overrule this assignment.

■ The second assignment of error raises the question that the evidence presented no issue for the jury, since the lien on the property involved had already been foreclosed and a settlement entered into between appellant on the one hand and M. Reynolds, trustee for the creditors, and J. Fred Smith and Herbert Callan on the other.

Appellee herein was not a party to such settlement, nor to the suit. The whole question turns on whether or not M. Reynolds, as trustee, had authority to bind the appellee herein by any contract. Unquestionably the burden rested upon appellant to show the authority of Reynolds to release the lien of appellee. If there had been a legal assignment for the benefit of the creditors of Smith in which Reynolds was appointed assignee or trustee, the record before us fails to show it. We have nothing here except the bare statement contained in a letter of Reynolds that an assignment had been made and he had been appointed assignee, which appointment appears to have been oral. Its terms are nowhere given. The requirements of title 12, R. S. 1925 (article 261 et seq.), relating to assignments for creditors, are not shown to have been complied with in any particular. Among these is article 262, which requires such an instrument to be in writing. Even if in writing, it might be void for uncertainty. McWilliams v. Cornelius, 66 Tex. 301, 17 S. W. 767. Only valid assignment passes title to the assignee. Golden Rod Oil Co. v. Noble (Tex. Civ. App.) 233 S. W. 524, 528. We regard this record as being bare of any showing of authority on the part of Reynolds to bind appellee by any kind of settlement, particularly a settlement in which he gave away all the rights of appellee without any consideration. This is true regardless of the ultimate decision of the courts as to the validity of the Texas assignments for creditors statute, concerning which two contradictory holdings have been made. Star v. Johnson (Tex. Civ. App.) 44 S.W.(2d) 429, and authorities there cited.

■■ The third proposition presented is that the chattel mortgage held by the Southwestern Drug Corporation was prior and superior to the purported landlord's lien of appellee, and that there could not have been a conversion, and a peremptory instruction should have been given.

By the terms of article 5238 of the Revised Statutes, the landlord is given a preference lien upon certain property of his tenant for rents due and to become due for a period of twelve months "reckoning from the beginning of the lease or rental contract * * * so long as the tenant shall occupy the rental premises, and for one month thereafter." This article further provides that, "in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building * * * to file in the office of the county clerk of the county * * * a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due."

The rental contract and occupancy which antedates the chattel mortgage of appellant created a landlord's lien on the fixtures then on the premises, and such lien was in ex-

istence at the time appellant's chattel mortgage was given. It created a lien for the entire rental period superior to that of a chattel mortgage given subsequent to its creation. Marsalis et al. v. Pitman, 68 Tex. 624, 5 S. W. 404. As we interpret the oral contract, the amount in controversy was not due as rent necessarily at the time of the conversion. The appellee's right to a cause of action immediately arose upon the illegal conversion of the property in controversy in February, 1931. This is not a suit to enforce the landlord's lien, but a suit for conversion, the right to which has existed since February, 1931. We are not able to agree with the contention of appellant that a peremptory instruction should have been given.

The judgment is affirmed.