708

## In re PFAEFFLE.

### No. 3435.

District Court, N. D. Texas, Dallas Division.
Dec. 29, 1933.

H. L. Carpenter, of Greenville, Tex., for creditor.

Webster Atwell, of Dallas, Tex., for trustee.

ATWELL, District Judge.

This is a fight for priority between a landlord and creditors, and arises over a Texas statute which announces a lien for landlords, and a protection for other creditors of the tenant.

It appears that the tenant, bankrupt, is in arrears for rent since December, 1930; that the landlord filed a statutory proof of his rent claim in February, 1933, and again in October of that same year. The referee declined to allow him any of the claim prior to the time of the first filing, which would date back six months.

The landlord claims that he is entitled, under such filing, to his entire rent from December, 1930, and relies upon section 5238 of the Revised Statutes of Texas. This statute is quoted in full, so far as it is applicable here, in Re Toggery, Inc. (D. C.) 60 F. (2d) 311, 312, affirmed Kokernot-Nixon Properties, Inc., v. Wright, 68 F.(2d) 317, Circuit Court of Appeals, Fifth Circuit, December 20, 1933. Briefly, it declares that a landlord shall have a preference lien upon all property of the tenant in the rented premises for the payment of rent due, and to become due by it; "that in order to secure the lien for rents that are more than six months due," it shall be necessary for him to file his claim in the office of the county clerk.

Another section of the same statute (article 5238) provides that: "No lien for rent more than six months past due * * * shall be valid as against bona fide purchasers or unsecured or lien creditors of said tenant, unless said statement shall be verified, filed and recorded as above provided."

From December, 1930, to the time of the filing of the lien in February, 1933, the contesting creditors had made various advances to the bankrupt. Such advances would come within the spirit of the protecting statute just mentioned.

One need not be very critical to discover difficulty in the statute. It evidently has two purposes: First, it was for the protection of the landlord; and, secondly, and perhaps as important, for the protection of the person who might deal with the tenant.

Judge Meek held, in Re McLaughlin (D. C.) 10 F.(2d) 810, that the filing of the notice by the landlord as required by this statute protects him indefinitely. In other words, that the filing of the landlord in this particular case, in February, 1933, preserved his lien as superior back to December, 1930.

Judge Kennerly in Re Toggery, supra, held that a landlord, when the rights of other creditors intervene, may not have the statutory lien for a period in excess of six months, and that this six months' superior lien does not exist unless he files the claim in accordance with the statute.

The Circuit Court of Appeals for this circuit, in Re Brannon, 62 F.(2d) 959, held that this particular statute, without any light upon the present matter, was for the benefit of landlord and creditors.

In the case of Gunst v. Dallas Trust & Savings Bank, 8 S.W.(2d) 806, the Court of Civil Appeals for the Fifth Judicial District of Texas, speaking by Judge Looney, said that this particular statute, so far as the

landlord and tenant were concerned, gave the landlord a lien without any time limitation. The Legislature has amended the statute since these decisions, but not in any part now being considered. See, also, Wooten Grocer Co. v. Wade (Tex. Civ. App.) 37 S.W.(2d) 1090; Second National Bank v. Settegast (Tex. Civ. App.) 52 S.W.(2d) 533.

So it appears to be a case for the careful construction of a statute that is poorly written. When courts speak with reference to a statute, and a legislating body thereafter writes with reference to it, and does not change the wording about which the courts have spoken, the judicial construction is ordinarily accepted as correct. When the highest courts of a state have spoken with reference to a state statute, their construction will be followed by the national courts. When, the words of a statute are given their ordinary significance, and when thus read seem plain, there is no excuse for construction.

While it is not at all free from doubt, the statute has a significant purpose. It must not be rendered wholly useless. It should be made operative for the protection of both of the interests that it manifestly had in view. The Legislature was solicitous. for landlord and dealer with the tenant, and to hold that the landlord might wait a year, or two years, or five years, or ten years, and then file a claim for rents that he had not collected during that time and come in ahead of those who had furnished goods for his tenant to sell during that period, would wholly emasculate the statute as to such dealers. To hold that the landlord may never have but six months' rent by any action that he may take seems, likewise, to ignore the phrase, "more than six months past due," which appears in the latter paragraph. There is also a similar wording in the first part of the first paragraph.

It therefore becomes necessary to overlook the letter of the law, if that very superlative phrase may be used, and grasp its soul—its purpose. If that is done, we arrive at the conclusion that the referee ruled properly in denying the landlord, in this particular case, a lien for any rents prior to six months before February, 1933.

When six months' unpaid rents have accumulated, the landlord may file. That protects for that period. At the expiration of another six months he files again, and is again protected. Such protection extends until extinguished by payment. The prac-

tical result is a lien for "past due" rents "for more than six months."

I am persuaded that that is the result that must be reached, and an order may be drawn accordingly.