**UNIVERSAL CREDIT CO. v. GASOW–
HOWARD MOTOR CO. (PHELAN,
Intervener).**

No. 2528.

Court of Civil Appeals of Texas. Beaumont.

June 28, 1934.

Rehearing Denied June 30, 1934.

Bryan, Suhr, Bering & Bell and Rodman S. Cosby, all of Houston, for appellant.

Jas. A. Harrison and R. E. Masterson, both of Beaumont, for appellees.

WALKER, Chief Justice.

On February 18, 1932, in the district court of Jefferson county, appellant, Universal Credit Company, filed this suit against Gasow-Howard Motor Company to recover the title and possession of twenty-two secondhand and fifteen new Ford automobiles. On the same day appellant sued out a writ of sequestration under which it had the sheriff of Jefferson county seize all but one each of the secondhand and new automobiles. On March 1, 1932, upon delivery to the sheriff of its replevin bond, appellant received from him all the seized automobiles and, thus having them in its possession, sold all of them and appropriated all the proceeds of the sale.

On March 21, 1932, the defendant filed its answer, consisting of general demurrer and general denial. On March 1, 1932, appellee J. H. Phelan filed his petition in intervention, claiming a landlord's lien against all the automobiles to secure him in the payment of past due rent in the sum of $4,000, and rent to mature in the future amounting to $10,000, due him by the defendant under a rent contract covering the premises in which the automobiles were stored and had been stored for sometime prior to their seizure under the writ of sequestration; pleading further the value of the automobiles when seized and that appellant had converted them to its own use and benefit. His prayer was for judgment against the defendant for the amount of the rent due and to become due, and against appellant for the value of the automobiles as and when they were converted by appellant. Appellant replied to the intervention by general demurrer, general denial, and by special denial that it had converted the automobiles, and by special denial that appellee had a landlord's lien on them to secure him in his rent. Appellant pleaded further that, if it was not the owner of the automobiles, it held against them a chattel mortgage lien to secure it in an indebtedness fully described in its supplemental petition; that appellee had either actual or constructive knowledge of its chattel mortgage lien and, therefore, its lien was superior to appellee's lien; and further for general and special relief. On April 22, 1933, all the rent sued for by appellee had matured and on that date he filed his trial amendment, praying for judgment "as prayed for in his original petition of intervention and for such other and further relief, in law and in equity, general and special," to which he was entitled. On the trial the jury found that, at the time appellant replevied the automobiles, the value of the secondhand automobiles was $4,475 and the value of the new automobiles $7,750; that the amount of the rent due by the defendant to appellee was $13,108.47, which covered the rent from November 1, 1931, to December 31, 1932; that at the time appellant took possession of the automobiles the past-due rent amounted to $4,000; that appellee had not canceled his lease contract with defendant, whereby it held the premises and under which the rent sued for was due. The instruments which appellant offered in evidence as constituting its chattel mortgage lien were not of record in Jefferson county; the jury found that appellee had neither actual nor constructive notice of the existence of these instruments. Appellant offered in evidence certain trust receipts issued to it by defendant covering the sec-

ondhand automobiles; on the issue of their validity the jury found that the secondhand automobiles were the property of defendant and not of appellant. The jury also found that the allegations of appellant's affidavit for sequestration that it "was the true and lawful owner of the new automobiles" was false, and also that the allegation in the affidavit for sequestration that it had a chattel mortgage lien against the secondhand automobiles was false. On the verdict and the undisputed evidence judgment was entered in favor of appellant against the defendant for $6,540 with foreclosure of its chattel mortgage lien against the fourteen new automobiles, but that it had no chattel mortgage lien against the secondhand automobiles. Judgment was entered in favor of appellee against the defendant for the sum of $13,108.47, being the rent due prior to January 1, 1932, and the rent for "the period of time beginning January 1, 1932, and ending December 1, 1932, same being the current contract year as shown in the lease"; and that appellee had a valid landlord's lien against all the automobiles to secure him in the payment of his rent. Appellee was awarded judgment against appellant that it had converted both the new and secondhand automobiles and that it "had sold same and that said cars could not be produced or returned." On these fact findings appellee was awarded judgment against appellant for the value of the secondhand and new automobiles as fixed by the jury, their value being less than the amount of his rent, due by defendant. It was further decreed that the amount of appellee's recovery against defendant should be credited with any payment made by appellant on the judgment in favor of appellant against it for conversion.

### Opinion.

By his original petition of intervention appellee alleged that all the automobiles were in his possession and under his control when appellant seized and converted them under its writ of sequestration. This allegation, with the other facts alleged, constituted a cause of action for conversion. It was not necessary, as appellant insists, that appellee allege further that appellant had placed the automobiles beyond the jurisdiction of the district court of Jefferson county, or had made it impossible for him to foreclose his landlord's lien against them. Where the landlord has possession of the property against which he claims his landlord's lien, any unlawful interference with his possession or unlawful exercise of dominion over the property constitutes a conversion. Freeman v. Collier Racket Co., 100 Tex. 475, 101 S. W.

202; same case by Court of Civil Appeals, 44 Tex. Civ. App. 177, 105 S. W. 1129. Where the mortgaged property has been wrongfully converted, the mortgagee does not have to resort to the property to enforce his lien but may, at his option, proceed against the one guilty of conversion and recover judgment against him for the value of the converted property, not to exceed the amount of his lien. Zapp v. Johnson, 87 Tex. 641, 30 S. W. 861; Cotton Finance Corp. v. Henderson (Tex. Civ. App.) 293 S. W. 881.

The evidence fully supported appellee's allegations of conversion; that is to say, the evidence was clearly to the effect that the automobiles were in his possession and under his control when appellant seized them under its writ of sequestration.

Appellant held and introduced in evidence certain "trust receipts" against the new Ford automobiles. On the trial, through its counsel, appellant conceded that these "trust receipts" were mere chattel mortgages and could not be enforced as a prior lien against appellee's landlord's lien, unless he had actual or constructive notice of their existence; provided, of course, appellee held a valid landlord's lien against the automobiles. As appears from the statement made above, the issue of notice was found by the jury against appellant.

■ The "trust receipts" covering the secondhand automobiles purported to vest title in appellant. As appellee was not a party to these instruments, it was permissible for him to show the true intent of appellant and defendant in their execution and delivery, which was to the effect, as found by the jury, that the title to the secondhand automobiles was vested in defendant and not in appellant. Therefore, these "trust receipts" were mere chattel mortgages, of which appellee had neither actual nor constructive notice. Parol evidence is admissible to show the intention of the parties in the execution and delivery of a written instrument where the -intention is the point in issue apart from the legal effect of the written recitations. Davis v. George, 104 Tex. 106, 134 S. W. 326.

The findings of the jury that appellant had no title to the secondhand automobiles, but that its "trust receipts" were mere chattel mortgages, and that appellee never at any time canceled his lease contract with the defendant, are so fully supported that no useful purpose would be served in reviewing the evidence on these issues.

■ Appellee recovered rent for fourteen months; only four months' rent was past due when the petition of intervention was filed. The case was tried after all the rent had matured and upon the theory that appellee's supplemental petition, filed after all the rent had matured, stated a cause of action for the fourteen months' rent. On the trial appellant filed no plea in abatement against the claim for rent which had not matured when the original petition was filed, nor suggested in any way, by its pleadings or objections to the evidence, that appellee's cause of action had not matured. It is now too late to make this point, for the first time upon appeal, under the assignment of fundamental error.

■ The failure of appellee to comply with the provisions of article 5238, R. S. 1925, which provides in certain instances for the filing in the office of the county clerk of a sworn statement of the amount of the rent due, did not invalidate his landlord's lien. This statute is for the protection of "bona fide purchasers" and appellant could not support that claim as against appellee. Again, when appellant sequestrated and converted the automobiles, only four months' rent was past due. Appellant knew that the automobiles were in possession of appellee when it seized and converted them. It also knew the very terms of appellee's rent contract with defendant and that, under the terms of this contract, his landlord's lien covered all the automobiles for the months of November and December, 1931, and for all the year of 1932. As appellee's plea of intervention was filed before the expiration of the statutory period of six months, the filing of the plea perfected his lien and prevented its loss by the expiration of the time limited for its continuance, and relieved him of the necessity of filing the sworn statement provided by article 5238. Appellee's cause of action was not a suit to enforce his landlord's lien, but was for conversion of property to which he had a right to resort for the payment of the full amount of the rent sued for. Southwestern Drug Corp. v. Johnson (Tex. Civ. App.) 53 S.W.(2d) 809; 36 C. J. 525, 526.

The amount recovered by appellee against appellant did not include any sum for taxes against the leased premises. So the proposition raising this point has no basis in the evidence.

We have carefully reviewed appellant's assignments against the argument of counsel for appellee and overrule all of them as without merit.

It follows the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.