## WALKER–SMITH CO. v. WINSTEAD
### (HUGHES et al., Interveners).
### No. 8388.

Court of Civil Appeals of Texas. Austin.

Dec. 16, 1936.

J. C. Darroch and E. M. Davis, both of Brownwood, for appellant.

R. L. McGaugh, of Brownwood, for appellees.

BLAIR, Justice.

Appellant Walker-Smith Company sued John R. Winstead, Sr., and John R. Winstead, Jr., partners in the grocery business, on their promissory note for $210, which with interest and attorney's fee aggregated $254.87, and to foreclose a chattel mortgage lien given to secure the note on the fixtures used in such grocery business, located in a store building in Brady, Tex., belonging to B. L. Hughes, intervener, Judgment was rendered for appellant as prayed, except its chattel mortgage lien was ordered foreclosed subject to the alleged prior landlord's lien of intervener on the fixtures to the extent of the bal-

ance due ($353.48) on the first year of his two-year rental contract of the store building to the Winsteads.

■ The landlord's lien was not prior or superior to the chattel mortgage lien on the store fixtures under the following agreed facts as applied to the terms of article 5238, R.S.1925.

Intervener Hughes leased the store building to the Winsteads by written contract for a term of two years, beginning February 1, 1933, at a monthly rental of $60, payable each month in advance. The note and mortgage of appellant were executed by the Winsteads, April 20, 1933, and the mortgage was duly filed and registered, April 25, 1933, at which time the rent on the building was in arrears $146.68. Beginning in April, 1933, and for each month thereafter, including February, 1934, the Winsteads paid the sum of $33.32, which the landlord applied to payment of the first six and a fraction months of the first year rental, leaving the last five and a fraction months of the first year rent unpaid, aggregating $353.48. The rental contract was terminated August, 1934, by the Winsteads closing their doors. On September 1, 1934, intervener Hughes filed his sworn statement with the county clerk, showing that $60 per month was due on the rental contract for each month beginning with February 1, 1933, and ending with August 1, 1934; the account being credited with $366.52, which was applied to payment of the first six and a fraction months of the first year of the rental contract.

Article 5238, R.S.1925, gives a landlord a preference lien on certain property of the tenant for rents due or to become due on the first year of a rental contract for a longer term of years as against the registered mortgage lien of a creditor on such property acquired after the beginning and during the first year of the rental contract; provided, however, that "in order to secure a lien for rents that are more than six months due, it shall be necessary for the" landlord or his representatives "to file in the office of the county clerk * * * a sworn statement of the amount of the rent due, itemized as to the months for which it is claimed to be due." The last month of rent due on the first year of the rental contract in suit was January, 1934. The landlord did not file his sworn statement as required by the statute until September 1, 1934, which

was more than six months after all unpaid rents for. the first year of the rental contract were due.

The question presented was decided in the case of McKesson-Crowdus Drug Co. v. Newman (Tex.Civ.App.) 86 S.W.(2d) 881, 882, the court holding as follows: "Under the provisions of the above statute, if a landlord allows the rent for any particular month to become and remain due for a period of more than six months and fails to file his claim therefor with the county clerk before the expiration of said six months' period, he loses his right to a superior lien as against the unsecured and lien creditors of the tenant who acquire their rights prior to the date of the filing of such verified claim with the county clerk. 27 Tex.Jur. 144; In re Toggery, Inc. (D.C.) 60 F.(2d) 311; Kokernot-Nixon Properties v. Wright (C.C.A.) 68 F.(2d) 317; Wooten Grocer Co. v. Wade Meat Co. (Tex.Civ.App.) 37 S.W. (2d) 1090, par. 7." See, also, Settegast v. Second Nat. Bank (Tex.Sup.) 87 S.W. (2d) 1070, 102 A.L.R. 680.

The cases of Southwestern Drug Corporation v. Johnson (Tex.Civ.App.) 53 S.W.(2d) 809, and Nuckles v. J. M. Radford Grocery Co. (Tex.Civ.App.) 72 S.W. (2d) 652, cited by intervener as supporting the judgment of the trial court, are not in point. These cases involved the conversion of the tenant's property subject to the statutory preference lien of the landlord, and the court in each instance correctly held that as between the landlord and the tenant, or his creditor who had obtained a chattel mortgage on the property subject to the landlord's lien during the first twelve months of the rental contract, the statute gave the landlord a preference lien for rent accruing during the first year. Neither case deals with the provisions of article 5238, which describe how a landlord shall secure such statutory preference lien for rent six months due. In the first case cited, the rent involved was not six months past-due, and no facts appear in the record of the second case showing when the rent involved became due, and the provision of the statute requiring the landlord to file a sworn statement for rent six months past due in order to secure the lien for such rent was not involved nor discussed in either case.

■ Nor is there any merit to the contention of intervener that because the rent

was in arrears $146.68 at the time appellant obtained and filed its chattel mortgage, it was not a bona fide creditor as defined by the statute. The rent due when the chattel mortgage was obtained and registered was paid by the tenant during the first year of the lease. All rents claimed by intervener accrued after appellant obtained and registered its chattel mortgage, and as above held the landlord was not entitled to a preference lien for rent due more than six months before he filed his statutory rent claim, as against the registered chattel mortgage of appellant which was acquired before the rent was due and prior to the filing of the statutory rent claim.

The judgment of the trial court will be reformed denying intervener a foreclosure of his landlord's lien and ordering the foreclosure of appellant's chattel mortgage lien as a prior lien on the store fixtures, and as thus reformed the judgment will be in all other respects affirmed.

Reformed and affirmed.