H. E. LEWIS ET AL. v. A. W. PHILLIPS ET AL.

No. 7060.   Decided March 30, 1938.
Rehearing overruled April 20, 1938.
(114 S. W., 2d Series, 864.)

*F. G. Swanson,* of Tyler, and *Touchstone, Wight, Gormley & Price,* of Dallas, for plaintiffs in error.

It was error for the Court of Civil Appeals to hold that it is essential to the creation of a mechanic's lien to file the contract or affidavit of statement of accounts therewith, and that it be recorded in a book kept for such purpose other than the deed records. Bassett v. Brewer, 74 Texas 554, 12 S. W. 229; Throckmorton v. Price, 28 Texas 605; Warren Cent. Ry. Co. v. Texas Creosoting Co., 62 S. W. (2d) 691.

*McEntire, James & Shank,* of Dallas, and *L. L. James,* of Tyler, for defendants in error. On above proposition. St. Louis S. W. Ry. Co. v. Neal, 65 S. W. 49; Henry v. Boulter, 63 S. W. 1056; Lott v. Lofton, 255 S. W. 1012.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

A. W. Phillips on May 22, 1931, was owner of an oil and gas lease on five acres of land in Rusk County. On that date he entered into a contract with W. G. Boone to drill an oil well on the land covered by the lease. Phillips was to furnish derrick, fuel, water, casing, cement and other fixtures and appliances for the control of the well. Boone was to furnish rig and the labor and materials necessary in drilling the well. Phillips was to pay as a consideration for drilling the well $2.50 per foot, payable in stated amounts.

On June 5, 1931, Boone assigned this contract to the T & T Drilling Company. Phillips consented in writing to this assign-

ment. On June 21, 1931, T & T Drilling Company assigned the contract to Albert Baggett. Phillips did not consent in writing to this assignment. Baggett drilled the well to a depth of about two thousand feet, and then assigned the contract to H. E. Lewis and F. G. Swanson. Phillips did not consent in writing to this assignment. These parties did some work on the well, but were unable to complete it, and Phillips finally drilled it to completion and production.

On October 10, 1931, Albert Baggett, H. E. Lewis and F. G. Swanson, in an attempt to fix a lien upon the lease and leasehold interest of Phillips, filed with the County Clerk of Rusk County duplicate copy of the contract between Phillips and Boone of date May 22, 1931. To the contract was attached assignment by Boone to T & T Drilling Company, reciting a consideration of $500, to be paid out of money paid for drilling the well. There was also attached agreement between Phillips and Boone providing for an extension of time in which to begin the well, and providing that Phillips was to receive one-half of the $500 payment retained by Boone. There was also attached to the contract the assignment by T & T Drilling Company to Albert Baggett, and the assignment by Albert Baggett to H. E. Lewis and F. G. Swanson. This last contract recited that the $1000 payment to be made by Phillips when the well was spudded in, the $1000 payment to be made when a depth of one thousand feet had been reached, and the $1000 payment to be made when a depth of two thousand feet had been reached, had been paid or were to be paid to Baggett. It was further provided by said agreement that Lewis and Swanson were to take the place of Baggett under the contract for the completion of the well; and certain provisions were made for distribution of the balance of payment to be made by Phillips. As above stated, there was nothing in writing to show that Phillips assented to these last two assignments.

Along with these instruments Baggett, Lewis and Swanson attached an affidavit showing balance claimed by them as due under the contract and showing to whom the same was to be allocated. There were also letters and statements attached showing numerous unpaid accounts of various parties.

This suit was originally instituted by A. W. Phillips as plaintiff against Lewis and others for the purpose of clearing title to the lease from the apparent cloud by reason of the attempted creation of a lien. Lewis and others answered and filed cross action, by which they sought to recover of Phillips personally a large sum of money, and to enforce a statutory lien against

the leasehold interest. Shortly after the filing of the papers above mentioned Phillips assigned the lease to W. V. Lester for benefit of the Trico Oil Company, and they came into the suit by way of intervention. Plaintiff dismissed his suit, and the case proceeded against him and against Trico Oil Company and W. V. Lester as defendants; Lewis, Baggett, Swanson and others being regarded as plaintiffs.

Judgment of the trial court was in favor of the plaintiffs against Phillips personally for sums aggregating several thousand dollars, but was against the plaintiffs and in favor of W. V. Lester and Trico Oil Company in so far as allowing plaintiffs a statutory lien against the lease. Upon this question alone the plaintiffs appealed. As Baggett, Lewis and Swanson alone attempted to fix lien under the statute by filing contract and affidavit, it is wholly unnecessary to consider the judgment as to other parties.

The Court of Civil Appeals in affirming judgment of the trial court held that plaintiffs failed in their attempt to fix a lien upon the lease because the contract and affidavit filed with the county clerk were recorded in the deed records of Rusk County rather than in the record kept for the recording of mechanic's and other liens. 90 S. W. (2d) 310. Upon this holding of the Court of Civil Appeals writ of error was granted.

We do not find it necessary to discuss the interesting question thus presented, because after a careful examination of the record we are of the opinion that Baggett, Lewis and Swanson failed to show they had fixed a lien under the statute. Article 5473 of Vernon's Revised Civil Statutes, as amended in 1929, and which is applicable, is as follows:

"Any person, corporation, firm, association, partnership, artisan, materialman, laborer or mechanic, who shall, under contract, express or implied, with the owner of any land, mine or quarry, or the owner of any gas, oil or mineral leasehold interest in land, or the owner of any gas pipe line or oil pipe line, or the owner of any oil or gas pipe line right-of-way, or with the trustee, agent or receiver of any such owner, perform labor, furnish or haul material, machinery or supplies used in digging, drilling, torpedoing, operating, completing, maintaining or repairing any such oil or gas well, water well, mine or quarry, or oil or gas pipe line, shall have a lien on the whole of such land or leasehold interest therein, or pipe line, or gas pipe line, including the right-of-way for same, or lease for oil and gas purposes, the buildings and appurtenances, and upon the materials and supplies so furnished or hauled, and upon

said oil well, gas well, water well, oil or gas pipe line, mine or quarry for which the same are furnished or hauled, and upon all of the other oil wells, gas wells, buildings and appurtenances, including pipe line, leasehold interest, and land used in operating for oil, gas and other minerals, upon such leasehold or land or pipe line and the right-of-way therefor, for which said material and supplies were furnished or hauled or labor performed. Provided, that if labor, supplies, machinery or material is furnished to or hauled for a leaseholder, the lien hereby created shall not attach to the underlying fee title to the land."

By Article 5476 it is provided that such a lien may be fixed by the method set out in Article 5453, which provides the manner of fixing other liens. The pertinent portions of said article are as follows:

"1. Every original contractor, within four months, and every journeyman, day laborer, or other person, within three months after the indebtedness accrues, shall file his contract in the office of the county clerk of the county where the property is situated to be recorded in a book kept by the county clerk for that purpose.

"2. If a journeyman, day laborer or other person has no written contract, it shall be sufficient to file an itemized account of the claim supported by affidavit showing that the account is just and correct and that all just and lawful offsets, payment and credits known to affiant have been allowed."

We shall assume that Article 5473 gives a contractor, who by contracts with other persons, becomes legally obligated to pay for labor and materials, a lien upon an oil, gas or mineral leasehold interest. We shall also assume that assignees under such a contractor are also allowed a lien under such circumstances. However, such a contractor or his assignees must comply with the law in the matter of establishing such a lien as against the owner of the leasehold interest, or as against third parties holding the leasehold interest under the owner.

It will be observed that Article 5453 furnishes two methods of establishing a lien. Section 1 provides a method for those who "perform labor, furnish or haul material, machinery or supplies," under a *written* contract. The requirement that he shall "file his contract" necessarily implies that it shall be in writing. By Article 5473 such contract must be with the "owner" of the leasehold interest. This method of fixing the lien is discussed in Denny v. White House Lumber Co., 54 S. W. (2d) 86.

Section 2 furnishes a method of establishing lien by those

who have "no written contract." It is not seriously contended that plaintiffs complied with Section 2 of this article. While the affidavit filed by them showed amounts due by them to other persons, there was nothing to show whether these amounts were due for labor or for material and machinery. There was no effort made to itemize any of the accounts or to show when they accrued. The case of Ball v. Davis, 118 Texas 534, 18 S. W. (2d) 1063, shows the necessity for substantial itemization of the accounts, and the necessity for showing more specifically than was done here that the same were for labor, or for materials and supplies, in order that there may be a compliance with Section 2 of this article.

4 Plaintiffs' real contention is that they established their lien by recording the contract between Phillips and Boone, by attaching the assignment from Boone to T & T Drilling Company, with Phillips' assent, and by attaching an ex parte statement showing assignment of said contract from T & T Drilling Company to Baggett, and from Baggett to Lewis and Swanson. It is not shown that Phillips gave his consent in writing to either of these assignments. Regardless of whether or not the contract was assignable without the written consent of Phillips, it is evident that the statute requires a contract with the owner in writing, if lien is to be established by merely filing it for record, and this necessarily means that in order to meet the requirement of the statute there should be written evidence of Phillips' consent to the assignments. Otherwise there would be no *written* contractual relationship between Phillips and Baggett, or between Philips and Lewis and Swanson. The question of establishment of the lien must be determined from the instruments filed for record, and there was no instrument in writing filed for record showing that Phillips was bound by the assignments to Baggett and to Lewis and Swanson; and they are the parties who are asserting the lien. As these parties failed to comply with the statute, we think no lien was established which would bind Phillips, and consequently those holding the lease under him would not be bound.

We find that A. W. Phillips has joined in the application for writ of error prosecuted by the plaintiffs. He however submits no propositions whatever, but merely adopts the assignments presented in the application by plaintiffs. He suggests by way of argument that as W. V. Lester for himself and the Trico Oil Company accepted an assignment of the lease subject to existing liens they would be charged with notice of the lien, regardless of whether the instruments were properly recorded

or not. The matter is not one of notice, but of the failure to establish lien. Besides, the assignment to Lester is subject only to liens "properly recorded in Rusk County." As we have reached the conclusion that there was no lien established by the method adopted, we think this recital becomes immaterial.

For the reasons stated herein, the judgment of the Court of Civil Appeals is affirmed. We do not want it understood, however, that the opinion of the Court of Civil Appeals on the question discussed by it is approved by the Supreme Court.

Opinion adopted by the Supreme Court March 30, 1938.

Rehearing overruled April 20, 1938.