## OLDHAM v. INDUSTRIAL STATE BANK.

### No. 12044.

Court of Civil Appeals of Texas. Galveston.

Jan. 13, 1949.

Rehearing Denied Feb. 3, 1949.

Stewart, Burgess & Morris and Sam W. Mintz, all of Houston, for appellant.

Eastham & Simpson, of Houston, for appellee.

GRAVES, Justice.

This was a suit for the conversion of certain personal property, alleged to be worth more than $1602.00, brought by the appellant, M. C. Oldham, against the appellee, The Industrial State Bank.

The appellee bank had foreclosed two chattel mortgages it held against such property, upon which the appellant—by virtue of his having been the lessor of the land. to Milton Hodson, the tenant who gave the bank such mortgages on the property— claimed that he then had both·a landlord's and a contract lien on the tenant's property, which were prior and superior to those contained in the appellee bank's two mortgages thereon.

The cause was submitted to the court, sitting without a jury, upon an agreed "Stipulation of Facts", the controlling ones of which may, it is thought, for the purposes of the appeal, be substantially thus stated:

On July 1, 1945, appellant entered into a written lease agreement with one Milton Hodson for a term of five years, commencing on July 1, 1945, and covering Lots Nos. 6, 7 and 8, in Block No. 5, of Magnolia Park Addition to the City of Houston, Harris County, Texas, said premises being improved by a frame store-building. The tenant Hodson agreed to pay therefor to appellant $178.00 per month as rental, payable in advance. The lease was never recorded, and appellee had no actual knowledge of its terms. The tenant went into possession of said property and placed thereon certain chattels and equipment, among which were the chattels covered by appellee's chattel mortgages, and they were the same chattels against which appellee foreclosed its liens. The tenant failed to pay to appellant the monthly installments of rent accruing on October 1, 1945, and on the first day of every month thereafter, up to and including August 1, 1946.

Such tenant vacated the premises in September or October, 1946. On January 29, 1946, the tenant executed a chattel mortgage to appellee, to secure a promissory note of even date therewith, for the sum of $12,720.00. Said chattel mortgage was not filed for record until March 26, 1946. The tenant executed another chattel mortgage to appellee on March 30, 1946, securing a promissory note of even date therewith, for the sum of $150.00. Said chattel mortgage was not filed for record until April 8, 1946.

On August 14, 1946, appellant filed a sworn statement of the amount of rents due and owing to him under such lease agreement, in the Office of the County Clerk of Harris County, Texas. That statement had a manuscript cover thereon, bearing only the word "Affidavit", and it was filed in the Chattel Mortgage Department of the County Clerk's Office, on the second floor of the Harris County Courthouse. Such original statement was at all times thereafter retained in such Chattel Mortgage Department, with chattel mortgage instruments, and such statement was indexed

in the Chattel Mortgage Index Records. It was never recorded by the County Clerk in the Landlord's Lien Records Book, maintained in the Office of the County Clerk.

During the first year of such lease there accrued and became due and owing from the tenant to appellant rents in the amount of $1,602.00, no part of which was ever paid to appellant.

During the month of October, 1946, appellee matured the indebtedness owing to it, took possession of these chattels and equipment covered by its chattel mortgages, foreclosed its liens thereon, and sold such chattels, appropriating the proceeds therefrom to its own use and benefit. These chattels were located in the leased store building so belonging to appellant, and they were of the reasonable market value in excess of $1602.00. This suit was filed on August 14, 1947, to recover against appellee the sum of $1,602.00, for the conversion and use of such chattels and equipment.

The trial court rendered judgment in favor of the appellee, holding—in effect—that appellant's failure to satisfy the requirements of Article 5238, Vernon's Ann. Civ.St., was fatal to any claim upon his part of a statutory lien on such property thereunder.

In this Court, appellant inveighs against the judgment so adverse to him below upon four points of error, as follows:

1. It was not necessary for him to file the verified statement referred to in such statutory article, insofar as any rights of this appellee under its two chattel-mortgages were concerned;

2. The court's holding that appellant failed to comply with the provisions of Article 5238, hence did not secure the landlord's lien he so declared upon, was erroneous, because appellant did file a verified statement with the county clerk in his office and in his official capacity, hence he substantially complied with the provisions of that article;

3. The court's holding that appellee's two chattel mortgages were superior to the claimed landlord's lien of appellant was erroneous, since such chattel mortgages, as a matter of law, had not been "forthwith filed", as required by Article 5490, Vats; wherefore, such mortgages, as against this appellant, were wholly void;

4. The court's holding that appellee's chattel mortgages were superior to the express lien claimed in appellant's lease contract with the tenant on the property, on the ground that the lease had not been recorded was further erroneous, because the chattels or personal property in question were located on the leased premises, hence the appellee had constructive notice of appellant's claimed contract lien.

The trial court supported its judgment by filing findings of fact and conclusions of law, in substance, to this general effect:

First, as to the facts, it repeated those above summarized in the "Stipulation-of-Facts" between the parties, and then added the following:

"(A) No statement of plaintiff for the rents here involved was ever recorded in the Landlord's Lien Record Book, being the only record book provided by the Harris County Clerk for recording verified statements, under Article 5238, and no such statement was ever filed in the department of said County Clerk's Office where such Landlord's Lien Record Book was at all times maintained and kept.

"(B) All of the rents, for which plaintiff asserts a lien-right herein, were more than six (6) months past due at the time the tenant, Milton Hodson, was adjudicated a bankrupt on December 9, 1946, and all of such rents were more than six (6) months past due at the time of the filing of this suit, on August 14, 1947. Each and both of the chattel-mortgages of the defendant bank, referred to and described in the aforementioned Stipulation were filed for record and duly indexed in the Chattel-Mortgage Department in the Office of the County Clerk of Harris County, Texas, forthwith, and there was due and unpaid more than $5500.00 on the original indebtedness evidenced thereby at the time of the foreclosure of said chattel-mortgages by defendant bank during the month of October, 1946."

The substance of its conclusions of law was this:

"I. No statement of plaintiff landlord having ever been recorded in the Landlord's Lien Record Book of Harris County, the

said M. C. Oldham failed to fix the statutory preference-lien, which he could have secured by compliance with the requirements of Art. 5238.

"II. Plaintiff is not entitled to any re-covery against defendant-bank, because, at the time of said defendant's foreclosure-sale, the rent for all months (except May and June, 1946), for which plaintiff asserts a lien, was more than six (6) months past due, and the time within which plaintiff had a right to secure a lien therefor had expired without performance of the requirements of Art. 5238, and plaintiff likewise lost his right to secure a lien for rentals of May and June, 1946, by failing to record the necessary verified-statement in the Landlord's Lien Book of Harris County before these rents were more than six (6) months past due.

"III. Plaintiff is not entitled to recover for the two (2) months rent (May and June, 1946), not more than six (6) months past due at the time defendant bank foreclosed its chattel mortgage, because plaintiff had not theretofore, did not then, and failed, thereafter, to perfect his right to a lien therefor under Art. 5238, which statute does not bar a remedy, but provides for the fixing of a lien, if the requirements of such statute are satisfied within the time provided.

"IV. The defendant bank's chattel-mortgage liens are superior to the rights of plaintiff under the lien provision in the Hodson lease, because (1) Art. 5238 becomes a part of the lease, since the rights of a third party (defendant) are involved, and (2) the lease was never recorded, as required, if a contract lien is claimed thereunder, and defendant acquired its liens without notice or knowledge of such lease or the terms thereof."

Appellant challenges so much of the quoted additional findings by the court under its paragraph (B), copied near the middle of page 4 of this opinion, 216 S.W.2d 1018, as states that the appellee's two chattel mortgages "were filed for record and duly indexed in the Chattel-Mortgage Department in the Office of the County Clerk of Harris County, Texas, forthwith", as being without support in the evidence, and as being in effect only a conclusion of law by the court which, under all the facts bearing upon that matter which were clearly recited in the "stipulation" of the parties, is against the settled law on the subject, citing these authorities: Hackney v. Schow, 21 Tex.Civ.App. 613, 53 S.W. 713; Baker v. Smelser, 88 Tex. 26, 29 S.W. 377, 33 L.R.A. 163; Austin v. Welch, 31 Tex.Civ.App 526, 72 S.W. 881.

In limine, this protest against the quoted finding of a "forthwith" filing of the appellee's two declared upon chattel mortgages is sustained; indeed, by the "stipulation" between the parties it was agreed that 56 days elapsed before the first $12,720.00 mortgage was filed for record, and 9 days elapsed before the second $150.00 mortgage was filed for record, and there were no attending nor extenuating circumstances in evidence as to why either of them was not sooner filed.

■ Accordingly, it must be held under the mandatory provisions of Art. 5490, VATS, that both these chattel mortgages were void as a matter of law as to the appellant, since he was shown to have been on those dates both a creditor of and a subsequent lien holder against the tenant Hodson in good faith.

The authorities cited by the appellee in support of its claimed "forthwith" filing of its mortgages, to-wit—McCarty Motor Co. v. R. F. Finance Corporation, Tex.Civ. App., 41 S.W.2d 258; Moore v. Masterson, 19 Tex.Civ.App. 308, 46 S.W. 855—are clearly distinguishable, hence do not support such contention.

Recurring to the consideration of appellant's points of error, as recited supra, this Court is constrained to hold that they embody the correct construction and application of Article 5238 to the facts so set out in the stipulation of the parties, hence should all be sustained.

Indeed, it would seem that the cited statute, as directly applicable to the legal equivalent of the facts here obtaining, has been authoritatively so construed, in accordance with the copied points of appellant, in at least these three leading cases dealing therewith, to-wit: Southwestern Drug Corporation v. Johnson, Tex.Civ.App., 53 S.W.

2d 809, writ refused; Phil H. Pierce Co. v. Rude, Tex.Civ.App., 291 S.W. 974; Nuckles v. J. M. Radford Grocery Co., Tex.Civ.App., 72 S.W.2d 652.

In the first of these the Amarillo Court of Civil Appeals thus declared the legal meaning of the statute, even where the rental contract was an oral one, rather than in writing, as in this instance, to-wit [53 S.W. 2d 810]:

"By the terms of article 5238 of the Revised Statutes, the landlord is given a preference lien upon certain property of his tenant for rents due and to become due for a period of twelve months 'reckoning from the beginning of the lease or rental contract * * * so long as the tenant shall occupy the rental premises, and for one month thereafter.' This article further provides that, 'in order to secure the lien for rents that are more than six months due, it shall be necessary for the person leasing or renting any storehouse or other building * * * to file in the office of the county clerk of the county * * * a sworn statement of the amount of rent due, itemized as to the months for which it is claimed to be due.'

"The rental contract and occupancy which antedates the chattel mortgage of appellant created a landlord's lien on the fixtures then on the premises, and such lien was in existence at the time appellant's chattel mortgage was given. It created a lien for the entire rental period superior to that of a chattel mortgage given subsequent to its creation. Marsalis et al. v. Pitman, 68 Tex. 624, 5 S.W. 404. As we interpret the oral contract, the amount in controversy was not due as rent necessarily at the time of the conversion. The appellee's right to a cause of action immediately arose upon the illegal conversion of the property in controversy in February, 1931. This is not a suit to enforce the landlord's lien, but a suit for conversion, the right to which has existed since February, 1931. * * *"

■ The appellee's opposing authorities —Article 5238, VATS; In re Toggery, Inc., D.C., 60 F.2d 311, 313; West Development Co. v. Crown Bottling Co., Tex.Civ.App., 90 S.W.2d 887, 889; McKesson-Crowdus Drug Co. v. Newman, Tex.Civ.App., 86

S.W.2d 881, 882; In re Pfaeffle, D.C., 5 F.Supp. 708, 709; Kokernot-Nixon Properties v. Wright, 5 Cir., 68 F.2d 317; Wooten Grocery Co. v. Wade Meat Co., Tex.Civ.App., 37 S.W.2d 1090; Walker-Smith Co. v. Winstead, Tex.Civ.App., 99 S.W.2d 1051; Cave v. Talley Co. et al., Tex.Civ.App., 298 S.W. 912, 915; Lewis v. Phillips, Tex.Civ.App., 90 S.W.2d 310, affirmed 131 Tex. 313, 114 S.W.2d 864; The City National Bank v. Craig, Tex.Civ.App., 233 S.W. 631, affirmed 113 Tex. 375, 257 S.W. 210; Brothers v. Mundell, Munzesheimer & Co., 60 Tex. 240; Tips v. Gay, et al, Tex.Civ.App., 146 S.W. 306, 309; First National Bank v. McElroy, 51 Tex. Civ.App. 284, 112 S.W. 801; Universal Credit Co. v. Gasow-Howard Motor Co., Tex.Civ.App., 73 S.W.2d 909, 911, writ dismissed—including Walker-Smith Co. v. Winstead, Tex.Civ.App., 99 S.W.2d 1051, 1052, by the Austin Court, seem to be distinguishable upon the facts; but if there be a conflict on the construction of the statute between the Winstead case and the Southwestern Drug Corporation case, so quoted from, this Court would still be bound by the quoted holding of the Amarillo Court, since it was approved by the Supreme Court in its refusal of a writ of error therein, whereas the Winstead case was decided by the Austin Court of Civil Appeals alone, without writ action.

■ In consonance with this quoted construction of Article 5238, it seems to this Court to be reasonably plain that the proviso therein, requiring the landlord to file a sworn statement of the amount of rent due, and that such statement be recorded by the county clerk in a book provided by him for such purpose, etc., in its entirety, relates only to rents that are more than six months due, hence, under the stipulated facts here, it had no application to, nor did it impair either the attaching of this appellant's landlord's lien or the arising of this cause of action against the appellee for conversion as of the date the latter took and appropriated the tenant's property; in other words, that, when the appellee so acquired such property, it did so subject to appellant's prior lien thereon for the full $1602.00 amount of his claim. Phil Pierce

Co. v. Rude, supra, Tex.Civ.App., 291 S.W. 974, at page 976; Frith v. Wright, Tex. Civ.App., 173 S.W. 453, at page 456.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require a reversal of the trial court's judgment, and a rendition of the cause for the amount he so sued for in favor of the appellant. It will be so ordered.

Reversed and rendered.